36863.   BREWER *v.* HENSON.

DECIDED OCTOBER 16, 1957.

502

*Pittman, Kinney & Pope, R. Carter Pittman,* for plaintiff in error.

*Mitchell & Mitchell, G. W. Langford,* contra.

QUILLIAN, J. ■ Special grounds 1, 2 and 4 of the motion for new trial assign as error the admission, over objection, of certain testimony of a physician in reference to what the plaintiff had told him while he was treating her for the alleged injuries. This testimony contained statements by the plaintiff as to circumstances of the collision and her past pain and suffering. These statements not being made under such circumstances as to be equivalent to spontaneous and involuntary exclamations of present pain and suffering and not in response to manipulation or manual examination or treatment, were not admissible in evidence. *Atlanta, K. & N. Ry. Co. v. Gardner,* 122 *Ga.* 82 (11) (49 S. E. 818); *Atlantic Coast Line R. Co. v. Marshall,* 93 *Ga. App.* 134, 137 (91 S. E. 2d 96); *Broyles v. Prisock,* 97 *Ga.* 643 (4) (25 S. E. 389); *Georgia Railway &c. Co. v. Gilleland,* 133 *Ga.* 621 (2) (66 S. E. 944). The plaintiff contends that the evidence was admissible under provisions of Code § 38-302 for the purpose of illustrating the conduct of the physician in treating the plaintiff. The position is not well taken for the reason that the doctor's conduct was not in issue, and because the circumstances of the collision could hardly have been material to the doctor's choice or manner of treatment.

■ In special ground 3 error is assigned on the admission of the testimony of the plaintiff's husband to the effect that subsequently to the collision she slept poorly and was unable to perform her usual household duties. A nonexpert may give testimony as to the effect of the plaintiff's injuries on her capacity to perform certain activities, provided such testimony is based on his personal observation of the plaintiff's physical condition and capacity both prior and subsequently to the alleged injuries. *American Fidelity &c. Co. v. Farmer,* 77 *Ga. App.* 166, 168 (17) (48 S. E. 2d 122). The testimony objected to came within the above stated rule and the trial judge did not err in admitting it in evidence.

■ Special grounds 5 and 6 complain that the judge's instructions as to the method of reducing the gross amount of the value of a life to its present value were erroneous. While the charge

as given was not error, a clearer application of the rule is stated in *Savannah & Atlanta Ry. Co.* v. *Newsome,* 90 *Ga. App.* 390, 396 (83 S. E. 2d 80).

■ Special ground 7 assigns as error the judge's failure, while instructing the jury as to the manner of computing damages for permanent injuries, to inform the jury that they would not consider the mortality tables if the injuries were found to be temporary. In the special ground evidence that the injury was temporary was neither stated nor referred to by page number, as is allowed by Georgia Laws 1957, p. 232. Without referring to evidence of this nature it cannot be determined whether the omission of this instruction was error. The ground being incomplete it will not be passed on by this court.

■ In special ground 8 error is assigned on the trial judge's refusal to give the following charge: "I charge you that, if you believe from the entire testimony that the plaintiff has magnified or exaggerated her alleged injuries or damages or the causes therefor, on account of her interest in the suit, then you have the right, and it is your duty, to disregard the evidence of such plaintiff, insofar as the same is unjustly magnified or unjustly increased, either as to the injury or damage or the conduct of the defendant." The jury was given complete and accurate instructions as to the credibility of the witnesses and the judge did not err in refusing to give the above quoted charge.

■ In special ground 9 error is assigned on the judge's failure to give, without written request, a rule for calculating the amount of damages the jury would be authorized to find for permanent injuries. There was no evidence of permanent injuries either stated or referred to by page number; therefore, this ground is incomplete for the reasons stated in division 4 of this opinion.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*