## 47142. JACKSON v. MILES.

DEEN, Judge. The plaintiff made a left turn at the intersection of two city streets and was hit by an automobile driven by the defendant in the latter's lane of traffic. Verdict was for the defendant. The positions of the parties may be summed up by quoting briefly from the evidence: Plaintiff: "As I approached the intersection, I slowed to a real slow crawl, you might call it, and looked around the corner to see if any automobiles were heading south on East Broad in the other lane. When I looked, I didn't see any other cars. . . I didn't see any vehicles approaching heading south. I proceeded through the intersection, I say approximately five miles per hour and I had already crossed the center of the two lanes, the two lane drive there, one here and one here, I've already passed that. I was almost into Broughton [the intersecting] street when I heard brakes squealing. . . Applying brakes and after, I guess the brakes were released or something. The vehicle sped right on into me."

The defendant testifies: "Well, I was about two and one-half car lengths away from the intersection. I seen Mr. Jackson coming across. I thought he was going to stop at the center lane and wait for me to come by. As I approached closer, he didn't even turn his head to look and see if anybody was coming. I was watching him. . . and he never even looked my way and he didn't have any turn signals on whatsoever. When I see Mr. Jackson come in to my section of the street . . . I swerved to try to prevent the accident. . . I applied my brakes."

From a verdict and judgment for the defendant plaintiff appeals. *Held:*

1. A proper instruction relating to a given state of facts is not error where under any theory of the evidence it would be relevant to the issues. *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315). It is clear from the testimony above quoted that a charge on the doctrine of emergency was adjusted to at least one version of the facts proved.

2. "Failure to charge in the exact language requested, where the charge substantially covered the same principle, is no longer a ground for a new trial under *Code Ann.* § 70-207, as re-enacted." *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905). The plaintiff's request to charge No. 1 relating to control of speed so as to avoid colliding with another person or vehicle (*Code Ann.* § 68-1626) was charged in language very similar to that suggested by the plaintiff. Similarly, requests Nos. 4, 12 and 13 set out the last-clear chance doctrine, a subject accurately and concisely charged by the court.

Requests to charge Nos. 7 through 11 have to do with yielding the right of way at an intersection and are in general not adjusted to the evidence in this case, which is controlled by *Code Ann.* § 68-1651 as follows: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this law, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn." This rule of law was properly charged, and the court added: "One of the issues in this case is. . . who had control of the intersection? Had Mr. Jackson entered it? Had he gotton control of it? Had he gotten in it so that Mr. Miles should not have entered it? Or was the contention of Mr. Miles [correct] that Mr. Jackson just pulled out in front of him without warning or sig-

nal, that he had no notice of it, and did he do everything possible to avoid him?"

It is obviously economical of court and jury time to compare the jury instructions offered by the litigants with those presented by the trial judge in such manner that, if it can be determined that the point at issue was presented in substantially as clear and understandable a manner as that requested, keeping in mind that a jury is a lay audience, there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation.

3. "The well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause." *King v. Sharpe,* 96 Ga. App. 71, 83 (99 SE2d 283) and citations. The third enumeration of error is without merit.

4. There was no error in charging the provisions of *Code Ann.* § 68-1648 regarding turn signals. That part of the fourth enumeration of error which complains merely of error "in charging defendant's request to charge no. 2" is unintelligible as this request is not included in the record. It was obviously correct, as noted above, to charge the necessity of giving such signal when making a turn.

5. Where the court, after stating that by negligence "I mean the failure to do something which a reasonable, careful person would do under the same or similar circumstances" adds "What would you have done had you been an actor in the scene of the occurrence. . . when the cars of Mr. Jackson and Mr. Miles collided? What would you have done as a reasonable person? What would a reasonable person do?" it does not appear that the jury was instructed to substitute their own behavior for that of the hypothetical man of ordinary prudence. Nor was there any harmful error in cautioning the jury that they were

not to concern themselves with any proceedings in the traffic court.

*Judgment affirmed. Eberhardt, P. J., and Quillian, J., concur. Clark, J., disqualified.*

SUBMITTED MAY 5, 1972—DECIDED MAY 17, 1972.

*Joseph B. Bergen,* for appellant.
*Brannen & Clark, Perry Brannen, Jr.,* for appellee.