## 56539. KEENAN v. BUCHANAN.

SMITH, Judge.

In this wrongful death action Keenan, the defendant below, appeals from the judgment entered against him after a jury verdict and from the overruling of his motion for new trial. We affirm.

1. The general grounds are without merit, as the evidence was sufficient to support the verdict.

2. Appellant objected below to the trial court's failure, in its charge on the full value of the deceased's life, to include instruction on reducing the value of the life to its present value. As this court said in *City of Macon v. Smith,* 117 Ga. App. 363 (8) (160 SE2d 622) (1968), that objection is meritless.

Appellant attempts on appeal to widen the scope of the objection by contending that the trial court erroneously failed to charge that the deceased's potential future earnings would have to be reduced to their present value. However, "[n]o objection on that basis was made at the trial and the objection that was made can not now be the vehicle for such contention. 'Although on appeal plaintiffs argue additional grounds of objection to this charge, review of the charge enumerated as error is limited under Code Ann. § 70-207(a) strictly to the ground of objection stated on the trial.' " *Pirkle v. Widener,* 119

Ga. App. 401, 403 (167 SE2d 407) (1969).

3. The court did not err in admitting two photographs depicting the deceased's body after he had been hit by a car appellant was driving. The photographs were relevant to the material issue of the speed at which appellant was traveling, and they were not subject to the objection that they would tend to inflame the minds of the jurors. *Bryan v. State,* 206 Ga. 73 (2) (55 SE2d 574) (1949); *Cagle Poultry & Egg Co. v. Busick,* 110 Ga. App. 551 (1) (139 SE2d 461) (1964).

4. The court sufficiently instructed the jury on the principles of negligence and contributory negligence, and the failure to give appellant's requested charges on the principles is no ground for reversal.

5. Whether appellant was intoxicated and thus guilty of negligence per se when the car he was driving struck the deceased was a relevant inquiry. See Ga. L. 1974, pp. 633, 671 (Code Ann. § 68A-902). Therefore, we find no error in the trial court's admission of police testimony as to the result of an intoximeter test given appellant just subsequent to the accident. (The appellant's intoximeter reading was .09.) Furthermore, we discern no cause for reversal either in the court's admission of a police report on which the result of the test was transcribed or in its admission of testimony that the report had been forwarded to "the criminal court."

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 13, 1978 — DECIDED NOVEMBER 16, 1978 — REHEARING DENIED DECEMBER 1, 1978 —

*Macklyn A. Smith,* for appellant.
*Manning & Manning, Brince H. Manning, Jr., James H. Weeks,* for appellee.