68142. AMERICAN FAMILY LIFE ASSURANCE COMPANY
et al. v. QUEEN.

BENHAM, Judge.
Under a contract which denominated her as an independent con-

tractor, appellee sold American Family Life Assurance Company's ("AFL") insurance products. The complaint under which this case was eventually submitted to a jury was filed in 1982 against AFL and the individual appellants, all of whom are or were associated with AFL. The theory of recovery advanced by appellee was that the appellants interfered with her business. The complaint set out specific ways in which the appellants effected that interference, including misrepresentations made to appellee's customers, distribution by AFL to some of the other appellants of lists of appellee's customers, breach of contract by AFL, and malicious acts done for the purpose of injuring appellee's reputation and business. A jury trial resulted in a verdict in appellee's favor for $50,000 general damages and $500,000 punitive damages, the exact sum sought in appellee's complaint. This appeal is from the judgment entered on that verdict.

1. Appellee filed this action in Jenkins County, the residence of one of the individual appellants. The first enumeration of error asserted by appellants is directed to the trial court's refusal to dismiss the action as to all the appellants who were not residents of Jenkins County.

"Suits against . . . joint tort-feasors . . . residing in different counties may be tried in either county." Constitution of Georgia 1983, Art. VI, Sec. II, Par. IV. It has long been the law of this state that civil conspirators are liable as joint tortfeasors. *Woodruff v. Hughes*, 2 Ga. App. 361 (2) (58 SE 551) (1907). It follows that proof of a conspiracy among the defendants in the present case would make venue proper in the county of residence of any one of them. The evidence presented at trial would support the conclusion that AFL, through agents, was the nexus of a conspiracy involving all the individual defendants and calculated to damage appellee's business. There was evidence that some appellants were assisted by the state headquarters of AFL in soliciting appellee's policyholders, that policy groups serviced by appellee were reassigned to other sales personnel, and that AFL condoned interference with appellee's business in ways that were contrary to expressed company policy.

In view of that evidence as applied to the law cited above, we hold without hesitation that the trial court did not err in refusing to dismiss the suit for improper venue. That same evidence renders non-meritorious appellants' 14th enumeration of error in which they contend that there was no proof of a conspiracy.

2. In their second enumeration of error, appellants urge that the verdict is void because it awards general and punitive damages without special damages and because it does not specify how much of the damages was assessed against which appellants. The basis of this argument is appellants' interpretation of appellee's claim as being several different claims for several small amounts of money based on

specific acts of the individual appellants and of AFL. That interpretation is mistaken.

" 'This state recognizes a cause of action where one maliciously and wrongfully, and with intent to injure, harms the business of another.' [Cit.]" *Wise v. State Bd. &c. of Architects*, 247 Ga. 206 (3) (274 SE2d 544) (1981). While appellee's complaint did allege in general terms certain acts of misconduct by the appellants, it is clear that she sought thereby to recover general damages for a single overall wrong: damage to her business by wrongful and intentional interference therewith. It is apparent from the record and transcript that the specific acts of misconduct brought out by the evidence at trial were intended to serve as illustrations of the harm done to appellee and the specific monetary damages shown were likewise illustrative of the damage caused by the appellants. "General damages are those which the law presumes to flow from a tortious act and may be awarded without proof of any specific amount to compensate plaintiff for the injury done him. [Cit.]" *Ga. Power Co. v. Womble*, 150 Ga. App. 28 (3a) (256 SE2d 640) (1979). Appellants' complaints regarding the lack of specificity in the damages award are without merit.

Likewise, there is no merit in appellants' complaint regarding the entry of judgment against them jointly and severally. "[A]ll who join in the commission of a wrong resulting in injury are jointly and severally liable for the entire damage sustained . . ." *Eidson v. Maddox*, 195 Ga. 641, 644 (24 SE2d 895) (1943). The verdict and judgment were proper and no error appears in either of them.

3. As was noted in the preceding division, appellants have attempted to fragment appellee's action into several different actions, specifically slander, breach of contract, and third party interference with an employment contract. While elements of those actions are involved in the present action because specific acts of particular appellants may amount to those torts, none of those was individually asserted by appellee as a basis for recovery. Appellants' enumerations of error 4a, 7-12, 15, 17c, 19, 20, and 21 are all reliant on the adoption by this court of appellants' misinterpretation of appellee's lawsuit. Since we reject appellants' segmented approach to this action, those enumerations of error are wholly without merit and need not be addressed directly.

4. The denial of their motions for judgment notwithstanding the verdict and for new trial on the ground that the evidence is not sufficient is the subject of appellants' third enumeration of error. We find no cause for reversal in this issue.

There was sufficient evidence to authorize the jury to conclude the following: appellee's contract with AFL was terminated at one time because she reported alleged wrongdoing by another agent to the state insurance commissioner after her complaints to the company

went unheeded; some appellants told appellee's customers that she was no longer with the company; commissions due to appellee were not paid until she discovered AFL's failure to pay and demanded payment; "sales aids," items intended to assist sales personnel in staying current with their policyholders, were distributed to other sales personnel even though they pertained to appellee's customers; policies written by appellee and still in force were "rewritten" by some appellants, a practice which deprived appellee of renewal commissions while generating new policy commissions for the salesperson at the expense of the customer and the company; policy groups to which appellee had exclusive rights under AFL policy and custom were solicited by some appellants; some of appellee's policy groups were transferred to one of the appellants; the actions by the various appellants over the course of several years were taken either to harm appellee or to benefit themselves wrongfully at appellee's expense; and appellee suffered physically and mentally as a result of her treatment by appellants. That evidence warranted a recovery by appellee under the cause of action explained in *Wise v. State Bd. &c. of Architects*, supra. It follows that appellants were not entitled to judgment notwithstanding the verdict or a new trial on the grounds asserted in this enumeration of error.

5. Appellants' enumeration of error 4 (b) consists of a contention that the award of damages was excessive as a matter of law. In support of that argument, appellants advance no more than denials of wrongdoing already rejected by the jury, and the amount of the verdict itself.

" 'When a case comes before this court, after the refusal of a new trial by the presiding judge, it comes not only with the presumption in favor of the verdict, but also stamped with the approval of the judge who tried the case, and where no prejudice or bias or corrupt means in reaching the verdict appear, we are not authorized to set it aside as being excessive. [Cits.]' [Cit.] 'This court does not have the broad discretionary powers invested in trial courts to set aside verdicts, and where the trial court before whom the witnesses appeared had the opportunity of personally observing the witnesses, including the plaintiff on the stand, [and] has approved the verdict, this court is without power to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means. [Cit.]'

"In view of the allegations [of intentional wrongdoing by all the appellants to the detriment of appellee], which allegations were supported by the evidence, and in the absence of any showing of prejudice or bias or corrupt means of reaching the verdict or any abuse of the trial court's discretion in refusing to overturn the verdict, we cannot say the verdict was excessive as a matter of law." *Melton v.*

*Bow*, 145 Ga. App. 272 (4) (243 SE2d 590) (1978).

6. Appellants present a curious dichotomy in their 5th and 6th enumerations of error. On the one hand, they argue that AFL can have no liability for the conduct of the individual appellants because they were independent contractors. On the other hand, appellants argue that AFL is without liability because of the fellow servant doctrine and that the individual appellants are protected from liability by the principles of workers' compensation which shield co-employees from tort liability.

Appellants base the first argument largely on the holding in *American Family &c. Assur. Co. v. Welch,* 120 Ga. App. 334 (1) (170 SE2d 703) (1969), where we held that when a contract of employment denominates one as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed control of the time, manner, and method of executing the representative's work. Accepting the truth of that proposition, we still find the evidence sufficient in the present case to authorize the conclusion that AFL actively participated in the conspiracy through agents other than the individual appellants by depriving appellee of commissions and by condoning conduct which was not only violative of company policy, but which actually cost the company money. In view of that evidence, the question of whether the individual appellants are employees or independent contractor is of no import: AFL is liable jointly with them on account of the company's own participation in the interference with appellee's business.

The other purported defenses raised in these two enumerations of error, the fellow servant doctrine and workers' compensation, were raised for the first time in appellants' motion for judgment notwithstanding the verdict. Since they were not included in the motion for directed verdict, they presented no issue in the trial court or on appeal. *Adams v. Smith,* 129 Ga. App. 850 (6) (201 SE2d 639) (1973).

7. The individual appellants' failure to seek a ruling or a jury instruction concerning the contention they make on appeal that their conduct toward appellee was required by their contracts with AFL renders consideration of that issue unnecessary. *Massengale v. Ga. Power Co.,* 153 Ga. App. 476 (1) (265 SE2d 830) (1980).

8. Consideration of the statute of limitation issue appellants attempt to raise on appeal is also unnecessary since the issue was raised below only in the motion for judgment notwithstanding the verdict. *Adams v. Smith,* supra.

9. Appellants' 17th enumeration of error raises six evidentiary issues. The first, second, and fourth issues are deemed abandoned because they are not supported by argument or citation of authority *(Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630) (1977)), and the fifth is covered in Division 3 of this opinion.

Regarding the third evidentiary issue, we hold that appellants' attempt to introduce testimony concerning the income of one of the individual appellants for the alleged purpose of demonstrating that appellee could have made a similar amount was properly refused on the ground of irrelevancy. *Copeland v. Tyus & Prevatt*, 21 Ga. App. 485 (2) (94 SE 633) (1917). Defense counsel asked another of the appellants whether he was an independent contractor. When appellee objected to the question and answer, appellants' counsel offered to "clear that up" and, after the trial court directed him to withdraw the question, proceeded to elicit from the witness facts which were relevant to the question of whether that appellant was an employee or an independent contractor. " 'As a general rule, a witness may not state a conclusion of law, but testimony which in the main is a mere statement of fact may be admitted, even though it rests to a certain extent on the application of legal principles.' [Cit.]" *Gage v. Tiffin Motor Homes*, 153 Ga. App. 704 (2) (266 SE2d 345) (1980). We agree with the trial court that the question to which objection was raised was improper, but that the subsequent line of questioning was proper under the rule stated above. Therefore, the sixth evidentiary issue presents no basis for reversal.

10. Several of the trial court's instructions to the jury are criticized in appellants' 8th enumeration of error. The record reveals that objection was timely made to each of the charges now assigned as error, but comparison of those objections to the grounds asserted on appeal shows that appellants have failed to support the grounds of objection raised below and have instead raised new grounds of which the trial court was not apprised. Since our review is limited to those grounds of objection stated at trial, this enumeration of error presents nothing for our consideration. *Keenan v. Buchanan*, 148 Ga. App. 279 (2) (251 SE2d 120) (1978).

11. No objection to the trial court's instruction on punitive damages was made at trial, and we do not consider the charge as given to come within the substantial error rule of OCGA § 5-5-24. Therefore, appellants' 22nd enumeration of error complaining of that charge presents no issue for determination on appeal. *DeVane v. Smith*, 154 Ga. App. 442 (3) (268 SE2d 711) (1980).

12. Three enumerations of error (23-25) are devoted to the trial court's refusal to give jury charges requested by appellants. Our review of the requests and the charge as given persuades us that the issues involved in the requested charges were adequately covered by the trial court in its instructions. That being so, there was no error in refusing to charge in the language requested by appellants. *James v. Vinson*, 244 Ga. 429 (1) (260 SE2d 337) (1979); *Watkins v. Davis*, 152 Ga. App. 735 (3) (263 SE2d 704) (1979).

13. The trial court's refusal of appellants' request to charge on

laches was not error. This action was a suit at law for damages. "The equitable doctrine of laches is not applicable to suits at law.' [Cits.]" *Wood v. Garner*, 156 Ga. App. 351 (2) (274 SE2d 737) (1980).

14. The appellants requested a jury instruction on quotient verdicts. The refusal of that request is the subject of their penultimate enumeration of error, the 27th. We find no error.

Although this court, in *J. M. Beeson Co. v. Knowles*, 149 Ga. App. 732 (3) (256 SE2d 44) (1979), found no error in the giving of a requested charge regarding quotient verdicts, there was no holding in that case that such a charge was required. It is our opinion that any question of error in refusing the charge is conclusively eliminated by the fact that the jury awarded appellee exactly the sum she sought.

15. The final argument asserted by appellants is that the charge as a whole is unfair. This argument is based, in large part, on the same misconstruction of appellee's theory of recovery that we rejected in Division 3 of this opinion. We have nonetheless reviewed the charge as a whole and find that it adequately and accurately instructed the jury regarding the legitimate issues in the case and the law pertinent to those issues. We hold, therefore, that no error appears in the charge taken as a whole. See *Mendel v. Pinkard*, 108 Ga. App. 128 (2) (132 SE2d 217) (1963).

*Judgment affirmed. Pope, J., concurs. Banke, P. J., concurs in the judgment only.*

DECIDED JULY 16, 1984 —
REHEARING DENIED JULY 31, 1984 —

Forrest L. Champion, Jr., Millard B. Shepherd, Jr., Jesse Bowles, for appellants.

Robert S. Reeves, R. Hubert Reeves III, for appellee.