## 69321. TELLIGMAN et al. v. MONUMENTAL PROPERTIES, INC.
(323 SE2d 888)

BANKE, Presiding Judge.

The appellants, Marion Telligman and her husband, Kenneth, sued to recover for injuries allegedly sustained by Mrs. Telligman when she slipped and fell on an icy sidewalk located on premises owned by the appellee, Monumental Properties, Inc. In a previous appearance of the case before this court, we reversed a grant of summary judgment to the appellee. See *Telligman v. Monumental Properties,* 161 Ga. App. 13 (288 SE2d 846) (1982). The present appeal follows the entry of a jury verdict for the appellee. *Held:*

1. The appellants contend that the trial court erred in charging the jury on the doctrine of assumption of risk, particularly in view of this court's previous ruling that the "evidence demonstrates conclusively that appellant had no actual knowledge of the 'invisible' ice hazard." *Telligman,* supra at 16. However, that statement was based on the record existing in the case on motion for summary judgment. At trial, the appellant testified that she saw other patches of ice on the sidewalk, that she was aware that the temperature was "hovering right around freezing," and that, although she could not see the ice where she slipped, the area was "wet looking." This was sufficient to raise a jury question on the issue of assumption of risk. See generally *Gay v. City of Rome,* 157 Ga. App. 368 (4) (277 SE2d 741) (1981).

2. The trial court did not err in refusing to allow appellants'

counsel to ask the prospective jurors on voir dire whether they felt that a person who slips on ice on a public walkway should be entitled to recover against the owner of the property. "Voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973). However, no question should require a response from a juror which might amount to a prejudgment of the case. *Jones v. Parrott,* 111 Ga. App. 750 (2) (143 SE2d 393) (1965). Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' *Lamb v. State,* 241 Ga. 10, 12 (243 SE2d 59) (1978)." *Waters v. State,* 248 Ga. 355, 363 (283 SE2d 238) (1981). See also *Pinion v. State,* 225 Ga. 36 (4) (165 SE2d 708) (1969); *Bransome v. Barton,* 154 Ga. App. 799 (1) (270 SE2d 55) (1980); OCGA § 15-12-133. No such abuse of discretion has been shown in the present case.

3. The trial court did not err in allowing the appellee's "superintendent of operations" to testify on direct examination that he had not received any reports "in regard to anyone slipping on ice" on the day in question. Assuming *arguendo* that this testimony would otherwise have been objectionable, the appellants' counsel opened the door to this line of inquiry during his previous cross-examination of the appellee's general manager. In addition, the appellants' objection was based solely on lack of relevancy, and it is well settled that a general objection of this nature is insufficient to present any question for review on appeal. See, e.g., *Sikes v. Folsom Constr. Co.,* 151 Ga. App. 630 (2) (260 SE2d 755) (1979).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED NOVEMBER 14, 1984.

*Jerry B. Hatcher,* for appellants.
*William D. Temple, William A. Dinges,* for appellee.