73093. MINTER et al. v. LEARY et al.

(354 SE2d 185)

BENHAM, Judge.

Queen Esther Minter and her daughter were injured in a four-car collision. A car driven by Jones stopped to avoid collision with the car in front of it which had stopped to make a left turn. Jones testified that she saw Minter's car approach rapidly, then felt that car hit hers. Minter testified that she stopped safely behind Jones' car, and was then struck from behind by Leary's car, propelling Minter's car into Jones' car. A fourth car, driven by Souto, hit Leary's car, forcing it once more into the back of Minter's car. Minter and her husband and daughter sued Leary and Souto and now appeal a judgment entered on a jury verdict for defendants/appellees.

1. Appellants' first enumeration of error concerns the giving of a jury instruction on magnified or exaggerated damages. " 'The well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause.' [Cit.]" *Jackson v. Miles*, 126 Ga. App. 320 (3) (190 SE2d 565) (1972). Since the jury returned a verdict for defendants, any asserted error in the court's charge on damages was harmless.

2. In appellants' second enumeration of error, they assert that the trial court erred in denying their motion for new trial. The basis for that motion was appellants' contention that the trial court abused its discretion in that there was no evidence whatsoever in support of the verdict. Our review of the record convinces us that appellants' contention is incorrect.

Jones testified that after she stopped, she looked in her rear-view mirror, saw Minter's car approaching hers, then felt Minter's car hit hers. That testimony is in conflict with Minter's testimony that she came to a complete stop behind Jones' car and that her car was then propelled into Jones' car by the impact of Leary's car. It is inferable, then, that the chain collision was proximately caused by Minter's negligent failure to stop before striking Jones' car. Under the circumstances, we find no abuse of discretion in the trial court's denial of appellants' motion for new trial.

3. Appellants' third enumeration of error, that the trial court erred in giving a charge on comparative negligence, is based on the same faulty premise as their second enumeration, that there was no evidence of negligence by Minter. Since, as we have held, there was evidence from which it could be inferred that Minter's negligence was the proximate cause of the collision, appellants' third enumeration of error is also without merit.

*Judgment affirmed. Deen, P. J., concurs and concurs specially. Beasley, J., concurs specially.*

DEEN, Presiding Judge, concurring specially.

The issue in this case is whether Queen Esther Minter's negligence, if any, could have been the proximate cause of the collision. On this point, appellant cites *Queen v. Patent Scaffolding Co.*, 46 Ga. App. 364 (167 SE 789) (1932), in her brief, while appellee, on a related issue as to a charge on exaggerated injuries, cites *American Family Life &c. Co. v. Queen*, 171 Ga. App. 870 (321 SE2d 750) (1984). A police officer testified as to certain "6-foot" and "12-foot" skid marks found. *Queen v. McDaniel*, 178 Ga. App. 504, 505 (343 SE2d 783) (1986). I concur fully with the majority opinion's affirming the action of the trial court.

BEASLEY, Judge, concurring specially.

With respect to Division 1, I agree that the charge was harmless, but I confine that conclusion to this case. The court twice recently considered this charge to be erroneous. *Ammons v. Six Flags Over Ga.*, 172 Ga. App. 210 (2) (323 SE2d 2) (1984); *Coker v. Casey*, 178 Ga. App. 682 (1) (344 SE2d 662) (1986).

In those cases the charge was deemed harmless because the plaintiffs, who complained of the charge, had won jury verdicts several times greater than the special damages claimed. Thus it was shown conclusively that the charge did not affect the verdict since the jury rejected the idea that the injuries were exaggerated or magnified.

In this case, plaintiffs lost entirely. One of their arguments is that the erroneous charge was harmful because it had an adverse effect on the jury's consideration of their credibility generally and thus was related to the initial question of liability. That is, although it targeted the issue of damages expressly, it cast a pall, so to speak, over witness veracity on the whole, unlawfully diminishing it with respect to the crucial issue of liability.

While I am not prepared to say that such a charge is *never* harmless error when a plaintiff loses on liability, I believe that is the case here. We have earlier recognized that the charge relates to the subject of the trustworthiness of the witnesses' testimony. *Brewer v. Henson*, 96 Ga. App. 501, 503 (100 SE2d 661) (1957) held that it was not error to refuse it because the jury was given "complete and accurate instructions as to the credibility of the witnesses."

However, taking the charge as a whole, *Patterson v. State*, 239 Ga. 409, 415 (4a) (238 SE2d 2) (1977), it is clearly evident that the court was instructing solely on the issue of damages. It had totally left the subject of liability and entered the arena of damages, and the charge was confined to that latter subject. Thus I conclude there was

no sinister overlap.

DECIDED FEBRUARY 17, 1987.

*James M. Skipper, Jr.*, for appellants.
*Marc T. Treadwell, Barbara S. Boyer, Joseph H. Chambless, R. Bruce Benton*, for appellees.