## 73806. PARR et al. v. PINSON.
(356 SE2d 740)

CARLEY, Judge.

Appellants Mr. and Mrs. Parr brought this action to recover for damages allegedly resulting from a collision between automobiles driven by Mrs. Parr and appellee. Mrs. Parr sought to recover for personal injuries which she contends were sustained in the collision. Mr. Parr sought to recover for loss of consortium. Following a jury trial, a verdict was returned in appellee's favor and judgment was entered thereon.

1. Appellants enumerate the general grounds. The evidence was conflicting, and did not demand a verdict in appellants' favor. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and this case was not so plain and indisputable as to justify invading the jury's province. [Cit.] There being some evidence to support the jury's verdict, we will uphold the judgment. [Cit.]" *Rossville Apts. Co. v. Britton*, 178 Ga. App. 194, 196 (2) (342 SE2d 504) (1986). This court considers only the sufficiency of the evidence, not its weight. *Foster v. Morrison*, 177 Ga. App. 250, 252 (6) (339 SE2d 307) (1985). The evidence was sufficient to support the verdict.

2. The trial court's giving of a charge to the jury on negligence per se, in general, and on OCGA § 40-6-180, in specific, is enumerated as error.

Evidence was adduced at trial which would authorize a finding that Mrs. Parr drove over the crest of a hill at forty miles per hour. She was familiar with the narrow dirt and gravel road on which she was driving and knew that there was a blind driveway several feet past the crest of the hill. Mrs. Parr was unable to stop before colliding with the rear of appellee's car as it was pulling into the driveway. "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for the actual and potential hazards then existing. Consistently with the foregoing, every person shall drive at a reasonable and prudent speed . . . when approaching and traversing a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to . . . other traffic or by reason of . . . highway conditions." OCGA § 40-6-180. Evidence as to Mrs. Parr's 40-mile-per-hour speed under the existing circumstances authorized a charge on OCGA § 40-6-180. *Cohran v. Douglasville Concrete Prods.*, 153 Ga. App. 8, 11-12 (2) (264 SE2d 507) (1980). See also *Exum v. Long*, 157 Ga. App. 592, 594-95 (3) (278 SE2d 13) (1981). Violation of this Code section is negligence per se. *Wright v. Dilbeck*, 122 Ga. App. 214, 226-27 (4) (176 SE2d 715) (1970). The charge as given by the trial court was a correct statement of the law and was adjusted to the evidence. There was no

error.

3. Appellants enumerate as error the trial court's giving of a charge on comparative negligence. For the reasons set out in Division 2, the jury was authorized to find that Mrs. Parr's negligence was a proximate cause of the collision. " 'The amount of evidence which makes [a charge on plaintiff's negligence] appropriate . . . need not be great. It is sufficient if there is slight evidence from which, as here, inferences of negligence can be drawn by the jury. [Cit.]' [Cit.]" *Seay v. Urban Medical Hosp.*, 172 Ga. App. 344, 347 (4) (323 SE2d 190) (1984). The charge on comparative negligence was proper. See *McClure v. Ga. Power Co.*, 171 Ga. App. 257, 259 (2) (319 SE2d 93) (1984).

4. Appellants enumerate as error the direction of a verdict in appellee's favor on the issue of punitive damages. "[T]he jury's verdict in favor of [appellee] as to liability causes even an erroneous removal of the issue of damages from the jury to constitute at worst harmless error. [Cit.] Assuming error, nevertheless, we find no prejudice to the rights of [appellants] in view of the jury's verdict." *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 156 (3) (342 SE2d 352) (1986).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 23, 1987.

*Roger E. Bradley*, for appellants.
*R. Clay Porter*, for appellee.