## 76111. MATHIS v. WATSON.
(369 SE2d 291)

SOGNIER, Judge.

Judith Mathis, individually and as next friend of James Phillips, brought suit against Billy Watson seeking damages for injuries Phillips incurred when he was pinned against a feed mill by a pickup truck driven by Watson while working on Watson's farm. The jury returned a verdict in Watson's favor and Mathis appeals.

The evidence adduced at trial shows that Phillips was directing appellee as appellee was backing up a pickup truck toward the feed mill for unloading. Phillips testified he called out "whoa" and indicated by hand signals for appellee to stop. Appellee testified he was looking carefully in his rear view mirror and was listening to Phillips' instructions but saw and heard nothing until he felt a little "bump." The pickup truck pinned Phillips against the feed mill, damaging his knee.

1. Appellant contends the trial court erred by giving a jury instruction on magnified or exaggerated damages. " ' "The well established rule is that where the court incorrectly instructs the jury as to the measure of damages to be applied, if the jury exonerates the defendant so that the consideration of the measure of damages is eliminated from the case, the instructions given, even if erroneous, cannot be held to prejudice the plaintiff's cause." [Cit.]' [Cit.]" *Minter v.*

*Leary*, 181 Ga. App. 801 (1) (354 SE2d 185) (1987). Although appellant argues that the charge was harmful because it had an adverse effect on the jury's consideration of Phillips' credibility generally and thus was related to the initial question of liability, "taking the charge as a whole, [cit.], it is clearly evident that the court was instructing solely on the issue of damages. It had totally left the subject of liability and entered the arena of damages, and the charge was confined to that latter subject." Id. at 802 (Beasley, J., concurring specially). Thus, we find no reversible error in the giving of this charge.

2. We do not agree with appellant that there was no evidence to support the trial court's charge instructing the jury that appellant could not recover from appellee if, in the exercise of proper care for his own safety, Phillips could have avoided the consequences of appellee's negligence. The jury was authorized under the evidence to believe that Phillips chose to position himself between the pickup truck and the feed mill after having performed the same procedure numerous times, and that Phillips failed to step out of the way when the truck continued inching backwards after he had shouted for it to stop, even though the truck was still three to four feet away at that time. Thus, we find no error in this enumeration. See generally *Bell v. Camp*, 109 Ga. App. 221, 224 (3) (135 SE2d 914) (1964).

3. Likewise, we find the evidence detailed above constituted some evidence upon which to base the trial court's charge on assumption of the risk and, accordingly, the trial court did not err by so charging. See generally *Telligman v. Monumental Properties*, 172 Ga. App. 783 (1) (323 SE2d 888) (1984).

4. Appellant contends the verdict was not authorized by the evidence. "The evidence was conflicting, and did not demand a verdict in appellant['s] favor. 'Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and this case was not so plain and indisputable as to justify invading the jury's province. [Cit.] There being some evidence to support the jury's verdict, we will uphold the judgment. [Cit.]' [Cit.] This court considers only the sufficiency of the evidence, not its weight. [Cit.]" *Parr v. Pinson*, 182 Ga. App. 707 (1) (356 SE2d 740) (1987). The evidence was sufficient to support the verdict.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs specially.*

Deen, Presiding Judge, concurring specially.

While concurring with the judgment of affirmance of the trial court, this writer offers two observations.

1. In Division 1, the majority opinion relies upon *Minter v. Leary*, 181 Ga. App. 801 (354 SE2d 185) (1987), which has no precedential value concerning the issue of instructing the jury on exagger-

ated damages, because *Minter* was in that regard only a two-judge case. (One judge concurred specially without concurring with the majority opinion's disposition of that issue.) I agree with the proposition of law for which the majority opinion cites *Minter*, having authored *Jackson v. Miles*, 126 Ga. App. 320 (190 SE2d 565) (1972) which was relied upon in *Minter*. However, this court should give *Minter* precedential value with a full-panel approval of the case, rather than presenting it as binding authority.

2. In Division 4, the majority opinion, quoting from *Parr v. Pinson*, 182 Ga. App. 707 (356 SE2d 740) (1987), states that "'[q]uestions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury . . .'" Without more, this quotation may mistakenly suggest that the law of contributory negligence is in effect in this state rather than that of comparative negligence. See *Ohio S. Express Co. v. Beeler*, 110 Ga. App. 867, 868 (140 SE2d 235) (1965). The present legal status of the doctrine of contributory negligence is that of "defensive concept." See *Edwards v. Trammell*, 187 Ga. App. 22 (369 SE2d 288) (1988).

DECIDED APRIL 28, 1988 —
REHEARING DENIED MAY 11, 1988 —

*J. Converse Bright*, for appellant.
*F. Thomas Young, Daniel L. Studstill, James B. Thagard*, for appellee.