### 45848. MATHIS v. WATSON.
(376 SE2d 660)

BELL, Justice.

We granted certiorari in this case to determine whether the trial court committed reversible error in charging the jury on so-called "magnified" damages. *Mathis v. Watson,* 187 Ga. App. 100 (1) (369 SE2d 291) (1988).

This case stems from injuries that James Phillips suffered when he was pinned against a feed mill by a pickup truck driven by Billy Watson. Judith Mathis, the mother of Phillips, sued Watson for Phillips' injuries in her individual capacity and as the next friend of Phillips. The jury returned a verdict in Watson's favor.

On appeal, Mathis contended that the trial court erred in giving the magnified damages charge. The charge complained of is as follows:

> I further charge you that if you believe from the entire testimony that the plaintiff has magnified or exaggerated the injuries and/or damages of James Phillips, or the causes thereof, on account of his interest in suit, then you have the right and it is your duty to disregard the evidence given by him insofar as the same is unjustly magnified or unjustly increased either as to the damages or the conduct of the defendant.

The Court of Appeals, implicitly acknowledging that the magnified damages charge was erroneous, held that the charge was not reversible error because it dealt solely with the issue of damages. The court, relying on *Minter v. Leary,* 181 Ga. App. 801 (1) (354 SE2d 185) (1987), reasoned that, as the jury ruled against Mathis on the issue of liability, any error in a charge on damages had to be harmless.

We agree with the cases that hold that the giving of a magnified damages charge is erroneous, as such a charge unduly stresses the defendant's contentions with regard to the evidence. E.g., *Ammons v. Six Flags Over Ga.,* 172 Ga. App. 210 (2) (323 SE2d 2) (1984); *Coker v. Casey,* 178 Ga. App. 682 (1) (344 SE2d 662) (1986). Moreover, the thrust of such a charge concerns the credibility of witnesses, and can

be sufficiently covered in the general charge on credibility. See *Ammons*, supra, 172 Ga. App. at 211; *Brewer v. Henson*, 96 Ga. App. 501, 503 (5) (100 SE2d 661) (1957). We therefore expressly disapprove of the use of such a charge in future cases.

We now move to the question of whether the charge given in this case constitutes harmless error. We conclude it was not harmless. We do so because we find that the charge as given did not deal solely with damages. Specifically, the trial court charged that if Mathis had magnified the injuries of Phillips, *"or the causes thereof,"* then the jury had the right to disregard the evidence given by Phillips either as to damages *"or the conduct of the defendant."* The highlighted language clearly relates to the issue of liability, and was harmful. Accordingly, we must reverse the decision of the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 2, 1989.

*Blackburn, Bright, Edwards & Joseph, J. Converse Bright*, for appellant.

*Young, Young & Clyatt, F. Thomas Young, Perry, Moore & Studstill, Daniel L. Studstill*, for appellee.