A89A1851. DON SWANN SALES CORPORATION et al. v. EDWARD.
(392 SE2d 29)

POPE, Judge.

Plaintiffs Sandra L. Edward and Glenda L. Edward brought suit against defendant Don Swann Sales Corporation (hereinafter "Don Swann") and James L. Manning seeking damages for injuries allegedly sustained when they were rear-ended by a tractor-trailer rig owned by Don Swann and driven by Manning. The jury returned a verdict awarding Sandra Edward $14,000 for pain and suffering and $9,000 punitive damages; the jury also awarded Glenda Edward $9,000 in punitive damages but subsequently reduced that amount to zero after the trial court instructed them that punitive damages were not proper unless compensatory damages were also awarded. This ap-

peal follows the trial court's denial of defendants' motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. *Held*:

1. Defendants first contend that the verdict awarding plaintiff Sandra Edward $14,000 for pain and suffering was not authorized by the evidence. " 'The evidence was conflicting, and did not demand a verdict in [defendants'] favor. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and this case was not so plain and indisputable as to justify invading the jury's province. (Cit.) There being some evidence to support the jury's verdict, we will uphold the judgment. (Cit.)" (Cit.) This court considers only the sufficiency of the evidence, not its weight. (Cit.)' *Parr v. Pinson*, 182 Ga. App. 707 (1) (356 SE2d 740) (1987). The evidence was sufficient to support the verdict." *Mathis v. Watson*, 187 Ga. App. 100, 101 (4) (369 SE2d 291) (1988), rev'd on other grounds, 259 Ga. 13 (376 SE2d 660) (1989).

2. Defendants also enumerate as error the trial court's charge to the jury on aggravation of a pre-existing injury. We agree that this was reversible error under the facts of this case. Upon defendants' request, the trial court charged the jury that plaintiff Sandra Edward was not entitled to recover for any complaints or disabilities which were proximately caused by a medical condition or disability which existed prior to the incident forming the basis of the complaint against them. However, the trial court also charged as follows: "If you should find that [Sandra Edward] received an injury as a result of the negligence of the defendant, and that the injury resulted in any aggravation of a condition already pending, then she could recover damages for aggravation of the pre-existing injury." The record shows that Sandra Edward testified that although she had suffered from cerebral palsy since birth, her condition was not made worse by the accident and that the injuries for which she was seeking recovery were wholly independent of her disability. "An instruction is erroneous which, although correct as an abstract principle of law, is not supported by evidence. [Cit.] Thus, the instruction on [aggravation of a pre-existing injury] which was not authorized by the evidence was reversible error. [Cits.]" *Atlanta Gas Light Co. v. Redding*, 189 Ga. App. 190, 191 (3) (375 SE2d 142) (1988). Cf. *Jackson Atlantic, Inc. v. Wright*, 129 Ga. App. 857 (6) (201 SE2d 634) (1973).

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Savell & Williams, Michael Jablonski, Jennifer H. Chapin*, for appellants.

*McAllister & Roberts, J. Dunham McAllister*, for appellee.