A89A2180. FINCHER v. GOLDEN GLOVE.
(392 SE2d 303)

POPE, Judge.

Plaintiff/appellant Frances Fincher brought suit against defendant/appellee The Golden Glove Corporation d/b/a The Silver Ribbon Lounge (hereinafter "Silver Ribbon") seeking recovery for the wrongful death of her husband, who was killed by a patron of the bar on December 24, 1983. The jury returned a verdict for the defendant and plaintiff filed motions for new trial and j.n.o.v. This appeal follows the trial court's denial of plaintiff's motions.

1. The record shows that plaintiff and her husband, Charles Fincher, were employed as bartenders at the Silver Ribbon. On the date of the fatal shooting Mr. Fincher was tending bar in the back room where pool tables were located. A patron of the bar, Jack Mullinax, apparently became loud and argumentative while playing pool with another patron. Mr. Fincher told him to "either hold the argument down, . . . or he would have to leave." After warning Mullinax a second time, Mr. Fincher asked him to leave and Mullinax left by the back door.

Mr. Fincher got off work at approximately 3:00 p.m. but decided to remain at the bar as a customer until his wife's shift ended later that evening. According to the testimony of Mr. Clark, the owner of the bar, Mr. Fincher did not mention the earlier incident with Mullinax when he turned in his receipts at the end of his shift. At approximately 5:30 p.m., Mr. Fincher was talking with Mr. Clark near the front door of the bar. Mullinax, who had re-entered the bar at ap-

proximately 4:00 p.m., got up from the front bar where plaintiff was tending bar and walked towards the front door. As he approached Fincher, he pulled a gun from under his jacket and fired several shots, killing Fincher instantly. Clark immediately wrestled Mullinax to the ground, and took the weapon from him.

At trial plaintiff presented evidence that the night bouncer or manager was on vacation and that the defendant's negligence in not hiring a replacement employee resulted in her husband's death. Specifically, plaintiff testified that it was the policy of the bar not to let a patron return on the same day he had been ejected and if a bouncer had been on duty Mullinax would never have been allowed back in the bar and her husband would not have been killed. Defendant contended that the incident was unforeseeable and could not have been prevented by the hiring of a replacement employee. The defendant also presented testimony that even if the bouncer had not been on vacation he would not have been on duty at the time of the incident because his shift did not begin until several hours later. Furthermore, Clark testified that he was acting as bouncer at the time of the incident and that he was qualified to act in this capacity. Clark also testified that as a matter of policy Mr. Fincher would tell him or the manager on duty if he had any problems with a customer during his shift and that the decedent never mentioned the incident to him. Plaintiff also testified that whether or not an employee, including her husband, would tell a manager about a problem with a customer depended on the seriousness of the situation. Plaintiff further testified that her husband did not mention the Mullinax incident to her and that she had not noticed any problems with Mullinax although he had been sitting at her bar drinking just prior to the shooting.

"The issues of a directed verdict or judgment n.o.v. are reviewed on the same basis. [Cit.]. '(T)he question before this court is not whether the verdict and the judgment of the trial court was merely authorized, but whether a contrary judgment was demanded.' [Cits.]" *Stone v. Cook*, 190 Ga. App. 11, 12 (1) (378 SE2d 142) (1989). " 'The evidence [here] was conflicting and did not demand a verdict in [plaintiff's] favor. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and this case was not so plain and indisputable as to justify invading the jury's province. (Cit.) There being some evidence to support the jury's verdict, we will uphold the judgment. (Cit.)" (Cit.) This court considers only the sufficiency of the evidence, not its weight. (Cit.)' [Cit.]" *Mathis v. Watson*, 187 Ga. App. 100, 101 (4) (369 SE2d 291) (1988), rev'd on other grounds, 259 Ga. 13 (376 SE2d 660) (1989). Consequently, this enumeration affords no basis for reversal.

2. Plaintiff next enumerates as error the trial court's instructing the jury, upon written request of the defendant, on the law of com-

parative negligence. Specifically plaintiff contends that such instruction was erroneous because the issue of her husband's negligence was first introduced during defendant's closing argument to the jury. However, our review of the record shows that the issue of Fincher's duty to inform management of any problems with customers, his usual custom in this regard and whether he in fact informed Clark of the earlier incident with Mullinax was interjected into the case by pre-trial deposition testimony as well as evidence presented without objection by both parties during the trial and by the opening and closing arguments of counsel to the jury. See generally *Telligman v. Monumental Properties*, 172 Ga. App. 783 (1) (323 SE2d 888) (1984). Consequently, we find no merit to this enumeration.

3. Likewise, we find no merit to plaintiff's contention that she could have offered evidence showing her husband did inform Clark of the earlier incident had she known it would be an issue at trial.

4. We have examined plaintiff's remaining enumeration of error and find it to be without merit. The trial court did not err in excluding "expert testimony" on the reputation of the area for violence.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 26, 1990 — 

*John H. Ridley, Jr.*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, D. Gary Lovell, Jr.*, for appellee.