A98A0842. POWELL et al. v. DANIELS CONSTRUCTION
& DEMOLITION, INC.
(501 SE2d 578)

Judge Harold R. Banke.

In this personal injury case, Christine Powell sued Daniels Construction & Demolition, Inc. ("Daniels"), alleging negligence. Powell's employer, the Glynn County Board of Education (the "Board"), intervened to enforce its subrogation lien on workers' compensation benefits Powell received. After the jury awarded her $45,381, with $20,000 of that due on the Board's subrogation claim, Powell appealed, enumerating three errors.

This case arose after one of Daniels' dump truck drivers failed to yield the right of way at a stop sign and collided with Powell, a school bus driver. The school bus overturned on its side, and Powell sustained physical injury. The Board covered $21,555.58 in medical expenses on Powell's behalf and paid her $7,168.10 in disability benefits. At trial, Daniels admitted liability and contested only the amount of damages. *Held*:

1. Powell contends that the trial court's instruction permitting the jury to ignore any expert testimony amounting to mere speculation requires reversal. Notwithstanding her contention to the con-

trary, Powell failed to demonstrate that she objected to the charge or reserved objections. See *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997). Powell's failure to include the purportedly speculative testimony in the record on appeal precludes our review of this enumeration. *Robbins v. State*, 207 Ga. App. 556, 557 (1) (428 SE2d 450) (1993).

2. The absence of a trial transcript and Powell's failure to show proof that she preserved the error also limit the analysis of her second enumeration. Powell maintains that the trial court erred in giving an allegedly burden-shifting preexisting condition charge that limited her recovery to damages directly and proximately resulting from Daniels' negligence.[1] Powell claims *Emory Univ. v. Lee*, 97 Ga. App. 680, 694-695 (3) (104 SE2d 234) (1958), disapproves the charge. In *Lee*, the trial court refused to give a substantially similar charge because the facts did not support it and the charge required the plaintiff to present "competent medical evidence" to meet his burden of showing which injuries the defendant caused. *Lee*, 97 Ga. App. at 695. In the absence of a trial transcript, we cannot determine whether the facts supported the charge. See *Foist v. Atlanta Big Boy Mgmt.*, 166 Ga. App. 304, 306 (3) (304 SE2d 111) (1983); compare *Don Swann Sales Corp. v. Edward*, 194 Ga. App. 807, 808 (2) (392 SE2d 29) (1990). While we do not endorse the charge given, Powell provided no authority showing it contained a substantial error which was harmful as a matter of law. OCGA § 5-5-24 (c). Moreover, unlike *Lee*, the charge did not include the "competent medical evidence" requirement.

3. In her final enumeration, Powell challenges the trial court's $20,000 reduction of her award to cover the Board's subrogation lien. Under Georgia workers' compensation law, employers of injured employees "shall have a subrogation lien, not to exceed the actual amount of [any workers'] compensation paid . . . against [any] recovery." OCGA § 34-9-11.1 (b); *Astin v. Callahan*, 222 Ga. App. 226, 228 (2) (474 SE2d 81) (1996). This language clearly authorizes reducing the award by the amount of the lien. See *Rowland v. Dept. Admin.*

---

[1] The charge stated: "The plaintiff is entitled to recover only damages directly and proximately resulting from the negligence of the defendant. The defendant is not responsible for any physical infirmities which are attributable to natural causes. And the plaintiff would not be entitled to recover damages for injuries or ailments that she experienced from any physical condition existing before such negligence of the defendant which the defendant did not aggravate. Nor would the plaintiff be entitled to recover damages from the defendant for any injuries or ailments that the plaintiff may have experienced after said negligence of the defendant but which were not connected with or resulting from that negligence. In this connection, the burden is upon the plaintiff to establish by a preponderance of the evidence just which of the damages and injuries or ailments . . . resulted from the negligence of the defendant and which of her damages and injuries and ailments were caused by some source other than the negligence of the defendant."

*Svcs.*, 219 Ga. App. 899, 901 (466 SE2d 923) (1996) (the lien is on the recovery, meaning the money in the injured employee's hands). "[B]ut a primary legislative concern was that the injured employee first be made whole. [Cits.]" *Bartow County Bd. of Ed. v. Ray*, 229 Ga. App. 333, 335 (494 SE2d 29) (1997). Absent a transcript, we cannot make this determination. Therefore, we must assume the trial court acted properly. See *Hulsey Pool Co. v. Troutman*, 167 Ga. App. 192, 194 (2) (306 SE2d 83) (1983) (physical precedent only).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 14, 1998 —
RECONSIDERATION DENIED MAY 4, 1998 — 

*Walter D. Adams*, for appellants.
*Brannen, Searcey & Smith, David R. Smith*, for appellee.