# 38899. STAPLETON v. PALMORE.

HILL, Chief Justice.

The Court of Appeals granted interlocutory appeal to determine whether a defendant who won a verdict when sued by an injured party is entitled to summary judgment in a subsequent suit by the injured party's spouse for loss of consortium based on the same injuries caused by the same occurrence. The court concluded that a subsequent suit for loss of consortium is not barred by an earlier verdict for the defendant on the question of liability for the injured party's injuries. *Stapleton v. Palmore,* 162 Ga. App. 525 (291 SE2d 445) (1982).

The Court of Appeals followed the "separate claim" cases where it had held that one spouse's suit for personal injuries and the other's suit for loss of consortium are "separate" and "distinct" claims for relief, that the spouse seeking recovery for loss of consortium is neither privy nor party to the injured plaintiff's cause of action, and thus under principles of res judicata the loss of consortium spouse is not barred by a prior verdict in an earlier trial in favor of the defendant as to liability for tort to the injured party. *Rutland v. Fuels, Inc.,* 135 Ga. App. 143 (217 SE2d 167) (1975); *Armstrong Furn. Co. v. Nickle,* 110 Ga. App. 686 (140 SE2d 72) (1964); *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282) (1961); *Owens v. Williams,* 87 Ga. App. 238 (73 SE2d 512) (1952); and *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126) (1939).

The Court of Appeals recognized that the rule is different where the injured person and the spouse combine their separate claims in one suit, for in those cases it has been held that the loss of consortium claim is a "derivative" claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts as might two separate juries. *Douberly v. Okefenokee &c. Corp.,* 146 Ga. App. 568 (246 SE2d 708) (1978); *Burnett v. Doster,* 144 Ga. App. 443 (241 SE2d 319) (1978); *Clark v. Wright,* 137 Ga. App. 720 (224 SE2d 825) (1976); *Jarrett v. Parker,* 135 Ga. App. 195 (217 SE2d 337) (1975); *White v. Hammond,* 129 Ga. App. 408 (199 SE2d 809) (1973).

Finding it conceptually unsound to regard the consortium claim as being separate and distinct when the claims are maintained separately, but derivative when the claims are maintained together, we granted certiorari to determine whether or not judgment on the merits for the alleged tortfeasor in one spouse's negligence action bars the other spouse's subsequent loss of consortium action arising out of the same occurrence. We also granted certiorari to determine whether or not a spouse's loss of consortium claim should be joined in the same civil action with the other spouse's negligence claim arising

out of the same occurrence. The first question is answered in the negative; the latter in the affirmative.

The rule is well established that when the personal injury and loss of consortium claims of the spouses are tried separately and the alleged tortfeasor prevails on the merits at the first trial, the other claim may be maintained later because it is a "separate" and "distinct" claim of another person who was not a party or privy to the previous proceedings and who, therefore, is not bound by the judgment therein. See *Rutland v. Fuels, Inc.,* supra, and the "separate claim" cases cited there. The first certiorari question is therefore answered in the negative.

This brings us to the second certiorari question and to Code § 81A-119 (a) which provides in part: "A person who is subject to service of process shall be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Under the "separate claim" cases the defendant is subject to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by reason of the two claims made against him or her. Hence, pursuant to Code § 81A-119 (a) (2) (ii), the two claims should be joined where both spouses are subject to service of process.

If we were to overrule the "separate claim" cases and conform them to the "derivative claim" cases *(Douberly v. Okefenokee &c. Corp.,* supra, and cases cited there), so that a spouse would be bound by the loss of the other spouse's case, subpart (i) of Code § 81A-119 (a) (2) would still require joinder.

We agree with the Court of Appeals that Code § 81A-119 (a) is clearly and directly applicable to loss of consortium cases. We are unable to accept the Court of Appeals' rationale that since there is a longer statute of limitations for loss of consortium suits than for the injured spouse's personal injury action, Code § 81A-119 (a), supra, does not require joinder. The differing statutes of limitations would permit a spouse to sue for loss of consortium even though the spouse injured personally did not file suit within the shorter period of limitation, in which case Code § 81A-119 (a) would not require joinder of the personal injury action barred by the statute of limitations.

Code § 81A-119 (a) (2) protects parties against impairment of their ability to protect their interests (sub-part (i)) and against

incurring multiple or inconsistent obligations (sub-part (ii)). In doing so, it promotes judicial economy by eliminating the requirement that one accident case be tried twice, and it avoids the public's loss of trust which occurs when two juries hearing the same evidence reach different results.

However, in the record before us there is no showing that the defendant moved, in the husband's personal injury action, to require joinder of the wife's loss of consortium claim. Although Code § 81A-119 (a) (c) can be read to require that the burden is on the plaintiff to join his or her loss of consortium spouse, such plaintiff's failure to do so is not grounds to dismiss his or her suit. Moreover, due process will not permit the loss of consortium spouse to be penalized for the personal injury spouse's failure to join him or her. Therefore, where a personal injury plaintiff fails to join his or her loss of consortium spouse, the defendant who desires to be protected against inconsistent obligations should do so. The defendant here not having raised the joinder issue in the first case cannot raise it in the second case so as to defeat the second claim without prior notice. For this reason, the trial court was correct in denying the defendant's motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED NOVEMBER 22, 1982.

*William H. Pinson, Jr.,* for appellant.
*Charles R. Ashman,* for appellee.
*Thomas R. Burnside, Jr., James B. Wall, O. Torbitt Ivey, Jr., Keenan & McColm, Don C. Keenan, Barham, Bennett, Miller, Stone & Cowart, Ed G. Barham,* amici curiae.