71293, 71294. ROBINSON v. HALL (two cases).
(338 SE2d 699)

BIRDSONG, Presiding Judge.

Mandatory Joinder of Cases. The facts giving rise to this appeal show that on August 28, 1983, the appellant Michael Robinson was driving his auto with his wife, appellant Janice Robinson, as a passenger. The Robinsons allege in their separate complaints that the appellee Hall turned the vehicle being operated by Hall into the path of the vehicle operated by Michael Robinson. The inevitable collision resulted in injuries to both the Robinsons as well as to Hall. Each of the Robinsons filed a separate lawsuit against Hall to which he counterclaimed, along with a claim filed on behalf of Mrs. Hall for loss of consortium, as derivative to Hall's counterclaim for injuries.

After the various complaints and cross-complaints had been filed, Hall moved the trial court to join as one the two separate suits of the Robinsons, citing as authority the provisions of OCGA § 9-11-19 and arguing that separate suits would subject him to substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the two claims made against him; whereas joinder would promote judicial economy by eliminating the requirement that one accident case be tried twice, and avoid loss of public trust in the event two separate juries hearing the same evidence might reach different results.

The trial court, apparently persuaded by the logic of the argument, joined the husband-wife suits as one. Each of the Robinsons petitioned this court for an interlocutory appeal, complaining the

mandatory joinder violated the provisions of OCGA § 9-11-42 which permits the joinder of suits only if the parties thereto consent to the joinder. It is uncontested that the Robinsons have not consented to a joinder of their respective complaints. This court granted the petition for interlocutory appeal and the Robinsons have timely filed their appeal. The sole issue concerns itself with the relationship of OCGA §§ 9-11-42 and 9-11-19. *Held:*

OCGA § 9-11-42 (a) provides: "(a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, if the parties consent, the court may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Notwithstanding the apparent broad discretion of the trial court to consolidate separate actions containing the same issues, the Supreme Court consistently has required a showing of consent by the litigating parties. In the germinative case interpreting the consolidation statute, *Carter v. Witherspoon*, 228 Ga. 485, 487 (2) (186 SE2d 534), it was held: "A sufficient cause for [the denial of a motion for consolidation] is that under the Civil Practice Act (Code Ann. § 81A-142 (a)) consolidation requires *consent* of the parties and here there was none." In one of its latest pronouncements upon this subject, the court held: "Under Code Ann. § 81A-142 (a), a court may order a consolidation of separate actions only if the parties consent." *Herring v. McLemore*, 248 Ga. 808, 809 (4) (286 SE2d 425). Likewise this court in construing this statute has held that "[c]onsolidation may be had under this provision of law provided the parties consent. The record does not show consent. . . ." *Midland Nat. Life Ins. Co. v. Emerson*, 121 Ga. App. 427, 428 (b) (174 SE2d 211).

Hall looks to a yet more recent decision of the Supreme Court as authority for a consolidation even in the absences of the consent of the parties. *Stapleton v. Palmore*, 250 Ga. 259, 261 (297 SE2d 270). In that case the court held: "Therefore, where a personal injury plaintiff fails to join his or her loss of consortium spouse, the defendant who desires to be protected against inconsistent obligations should do so." We do not read the *Stapleton* case as broadly as does Hall. That case clarified the statutory intent of OCGA § 9-11-19 creating the right to bring before the trial court as an additional party plaintiff or defendant a person who has a significant interest in the outcome of the pending litigation but who has a separate right to bring an additional action which could subject the presently litigating parties to yet another lawsuit with perhaps even inconsistent results. However, as we read that decision, it was limited in its address to the problem presented by a derivative action arising out of the right to consortium where a spouse had been injured. We do not read *Stapleton* as re-

laxing the rule consistently followed by the courts of this state that to consolidate actions (as opposed to parties) the parties must consent thereto. Moreover, the record and brief in this case clearly show that both the Robinsons have affirmatively waived any claim for potential consortium claims in lieu of their independent right to seek damages for their own personal injuries suffered during the collision.

Lastly, we note that Mrs. Robinson objected to consolidation on the ground that while her husband's complaint might be subject to the legal issue of comparative negligence, her husband's comparative negligence could not be attributed to her as a passenger; though it must be conceded that if her injuries were caused solely by her husband's negligence to the exclusion of Hall, that issue would be legitimate in her case. Still this would not allow evidence of comparative negligence to be admissible in her independent suit for damages she suffered in the collision.

Our OCGA §§ 9-11-19 and 9-11-42 were patterned after the Federal Rules of Civil Procedure and we can consider similar issues resolved under that Act. *Worley v. Worley*, 161 Ga. App. 44, 45 (288 SE2d 854). Where several persons are injured by the same tortfeasor and proof of damages is by each individual, the fact that want of an estoppel may leave a defendant tortfeasor who has defended successfully against one injured party, with the risk that he will be liable to another in a subsequent suit, does not make it necessary that all putative plaintiffs be joined in the same suit. Moore's Fed. Practice 19-124, § 19.07 [2.-2]. Hence, a defendant tortfeasor cannot interplead all injured plaintiffs in one action. *State Farm Fire &c. Co. v. Tashire*, 386 U. S. 523 (3) (87 SC 1190, 18 LE2d 270); see also *McDonnell Douglas Corp. v. U. S. Dist. Ct.*, 523 F2d 1083 (9th Cir. 1975), cert. den. 425 U. S. 911, in which next of kin of 325 passengers who died in one aircraft crash were not permitted to maintain a tort suit as a class action against the manufacturer of the aircraft.

We conclude that under the circumstances of this case, consolidation of the separate lawsuits, though arising out of the same accident, required the consent of the parties. As noted this result imposes no more harsh a result than individual suits against joint tortfeasors who may be both jointly and severally liable. See *North Car. Nat. Bank v. Peoples Bank*, 127 Ga. App. 372 (193 SE2d 571) aff'd 230 Ga. 389 (197 SE2d 352).

In the absence of consent by the parties, it was error for the trial court to consolidate separate actions possibly raising separate issues even though rising out of the same auto accident.

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 20, 1985 —
REHEARING DENIED DECEMBER 5, 1985 —

Jack T. Elrod, Merrell H. Collier, for appellants.
E. Wycliffe Orr, for appellee.
Alton D. Kitchings, Manley F. Brown, Charles R. Adams III, amici curiae.