42885. PERRY v. ATLANTA HOSPITAL & MEDICAL CENTER, INC. et al.
(339 SE2d 264)

GREGORY, Justice.

Appellant's wife filed suit for medical malpractice on February 11, 1982, alleging negligent conduct by the appellees during her hospitalization in February 1981. On January 29, 1985, appellant filed this action for loss of consortium. Appellant concedes that if he is bound

by the statute of limitations for loss of consortium in medical malpractice actions, OCGA §§ 9-3-34 and 9-3-71, his suit is untimely as it was not filed within two years of the negligent act. Appellant maintains, however, that OCGA § 9-3-34 violates equal protection of the laws in that plaintiffs bringing loss of consortium actions which arise out of medical malpractice have only two years in which to file their claims, OCGA §§ 9-3-34 and 9-3-71, while plaintiffs whose loss of consortium actions do not arise out of medical malpractice have four years in which to bring their claims. OCGA § 9-3-33.

We have previously addressed this issue in *Hamby v. Neurological Assoc., P. C.*, 243 Ga. 698 (256 SE2d 378) (1979). Appellant asks that we reconsider *Hamby* in light of our more recent decisions in *Allrid v. Emory University*, 249 Ga. 35 (285 SE2d 521) (1982); *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983); and *Shessel v. Stroup*, 253 Ga. 56 (316 SE2d 155) (1984). Assuming without deciding that the level of scrutiny used in *Allrid*, *Clark*, and *Shessel*, supra, is applicable to this case, we find that OCGA § 9-3-34 does not violate equal protection when applied to loss of consortium actions arising out of medical malpractice. We hold this separate classification is " 'reasonable, not arbitrary, and . . . rest[s] upon [a] ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " *Allrid*, supra at 38.

The trial court did not err in granting appellees' motion for summary judgment.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED FEBRUARY 13, 1986.

*Daniel C. B. Levy*, for appellant.

*Doster, Allen & King, Hunter S. Allen, Jr., Dennis A. Elisco, Long, Weinberg, Ansley & Wheeler, Michael T. Bennett*, for appellees.

*Manley F. Brown, Alton D. Kitchings, James D. Hudson, Greg Sowell, Gary Christy*, amicus curiae.