72024, 72025, 72026, 72027. COKER v. CASEY; and vice versa.
(344 SE2d 662)

BANKE, Chief Judge.

Pamela Coker sued Jo Casey to recover for injuries she sustained in an automobile accident; and Wilson Coker, Pamela's husband, brought a separate action against Casey to recover for loss of consortium. In reliance upon *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), and over Wilson Coker's objection, the trial court granted Casey's motion for joinder of the two actions.

Casey stipulated her liability for the collision, and the case proceeded to jury trial on the issue of damages only. The jury returned a verdict in favor of Pamela Coker for $7,000 but awarded no damages to Wilson, whereupon the trial court, concluding that the evidence supporting the latter's claim was uncontradicted, directed the jury to resume its deliberations and to award him damages in some amount. After the jury had again retired for this purpose, Wilson Coker's attorney tendered what he described as a "dismissal without prejudice" on behalf of his client. The judge expressed doubt whether such a dismissal was proper but allowed the document to be filed. Subsequently, the jury returned a verdict awarding Wilson Coker damages in the amount of $2,000, following which the trial judge reversed himself and allowed Coker to dismiss his consortium claim.

Case No. 72024 is Pamela Coker's appeal from the $7,000 judgment in her favor. She contends the court erred in either giving or failing to give various jury instructions and in failing to allow the pleadings to be taken out with the jury. Case No. 72025 is a cross-appeal, by Casey, in which he complains of the trial court's failure to rule that Wilson Coker's consortium claim was, as a matter of law, dismissed with prejudice before the jury returned its final verdict. Case No. 72026 is Wilson Coker's appeal from an order granting summary judgment to Casey in his (Coker's) subsequent suit renewing his loss of consortium claim. Case No. 72027 is Casey's appeal from a provision in that same order to the effect that Coker's prior attempted dismissal was ineffective and that his $2,000 verdict should therefore be reinstated. *Held*:

1. Although the jury could have concluded that Pamela Coker had magnified or exaggerated the extent of her injuries, the trial court erred in giving the defendant's requested charge to the effect that the plaintiff's evidence should be disregarded to the extent of any such unjustified magnification, in that such language "unduly stressed the defendant's contentions with respect to the evidence." *Ammons v. 6*

*Flags Over Ga.*, 172 Ga. App. 210 (2) (323 SE2d 2) (1984). However, because, as in *Ammons*, the verdict returned by the jury was several times greater than the amount of special damages claimed by the plaintiff, the error must be considered harmless.

2. The trial court's charge on pain and suffering omitted the following prefatory language requested by the plaintiff: "[I]t is impossible to produce evidence to a jury as to the amount of money that would be necessary to compensate a person for an injury he received . . . ." The court's charge on damages for pain and suffering, which was quite extensive, did include requested language to the effect that there is no standard by which to measure pain and suffering, other than the enlightened consciences of fair and impartial jurors. We find that the charge given properly and adequately covered the principle of law included. Moreover, the language that it is "impossible" to produce proof of the amount of money necessary to compensate a person for an injury received obviously does not state a correct principle of law in the abstract; and we disavow any implication to the contrary which may be contained in *City of Camilla v. May*, 70 Ga. App. 136 (27 SE2d 777) (1943).

3. The trial court did not err in charging that Pamela Coker was required to meet the threshold requirement for a "serious injury," as set forth in OCGA § 33-34-2, in order to recover. Although Casey admitted that her negligence had caused the collision, the jury could have concluded from the evidence that Pamela Coker's medical expenses were unreasonably high for the type of injury she sustained and that her claims were exaggerated. See *Pinkston v. Hagin*, 157 Ga. App. 2 (2) (276 SE2d 67) (1981). Moreover, it appears from the record that appellant's counsel acquiesced in the giving of the charge in question.

4. The trial court's statement in response to a juror's question, that the jury was not compelled to award any damages was correct, notwithstanding the defendant's stipulation of fault, due to the effect of the "serious injury" threshold. See in Division 3, supra. See generally *Dabney v. Ammons*, 150 Ga. App. 737 (258 SE2d 551) (1979).

5. Having carefully considered the remaining charges enumerated as error by Mrs. Coker in the context of the evidence presented, we find each to have been a correct statement of law, properly adjusted to the facts of the case.

6. The court was not required to send the pleadings out with the jury, the pleadings not having been introduced into evidence. See *C & W Land Dev. Corp. v. Kaminsky*, 175 Ga. App. 774 (4), 775 (334 SE2d 362) (1985).

7. In her cross appeal, Casey enumerates as error the failure of the trial court to denominate Wilson Coker's dismissal of his consortium claim as being "with prejudice." While conceding that Coker's

dismissal was timely, the cross appellant contends that *Stapleton v. Palmore*, supra, mandated the joinder of the consortium claim with Mrs. Coker's claim and that Mr. Coker consequently could not dismiss without losing the right to prosecute his claim at a later time.

In *Stapleton*, the Supreme Court ruled that in spite of the separate and independent nature of loss of consortium claims, a defendant who is subject to the risk of incurring double, multiple, or otherwise inconsistent obligations as the result of such a claim can require its joinder with the spouse's action where both spouses are subject to service of process. It is undisputed that in the case before us joinder was mandatory based upon the holding in *Stapleton*. See also OCGA § 9-11-19 (a) (2). However, OCGA § 9-11-41 (a) provides that "an action may be dismissed by the plaintiff, without order of the court, by filing a written notice of dismissal at any time before verdict." Mr. Coker contends, in effect, that this code section gave him the right to sever the two actions after the defendant, Ms. Casey, had exercised her right to join them. Such an application of the statute would, of course, render nugatory the holding in *Stapleton* and defeat its underlying concern for eliminating the need for the same accident case to be tried twice, with possibly different results. *Stapleton v. Palmore*, supra, 250 Ga. at 261. Accordingly, we hold that Mr. Coker did not have the right to dismiss his loss of consortium claim without prejudice while the jury was out. However, it certainly does not follow that because he attempted to do so, he should be denied the benefit of the jury's award in his favor. Accordingly, the allowance of Mr. Coker's voluntary dismissal in Civil Action Number 16306 is reversed with direction that judgment be entered in his favor in the amount of $2,000, in accordance with the jury's verdict.

8. In view of the foregoing, the trial court did not err in granting Ms. Casey's motion for summary judgment in Wilson Coker's renewal of his loss of consortium claim. Accordingly the judgment appealed from in Case Nos. 72026 and 72027 is affirmed.

*Judgment affirmed in Case No. 72024. Judgment reversed and case remanded with direction in Case No. 72025. Judgment affirmed in Case Nos. 72026 and 72027. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 7, 1986.

*T. Tucker Hobgood, Howard W. Jones*, for Pamela Coker and Wilson Coker.
*J. Clinton Sumner, Jr., James P. Orr*, for Casey.