71825. BENTON v. IMBODEN.
(344 SE2d 761)

BENHAM, Judge.

Appellant's wife and appellee were involved in an automobile collision resulting in appellant's wife filing a personal injury action against appellee in the Superior Court of DeKalb County. While that action was still pending, appellant filed an action for loss of consortium against appellee in the Superior Court of Fulton County. Appellee moved to dismiss the latter action but argued that, in the alternative, the case should be consolidated with the DeKalb County action, and consented to that county's jurisdiction for consolidation purposes. The Superior Court of Fulton County dismissed appellant's action.

Appellant contends that the trial court erred in the way it applied the principles in *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), to the case at bar and that it erred in granting the motion to dismiss the case. We agree. In *Stapleton*, the Supreme Court concluded that when one spouse files a personal injury action and the other pursues a loss of consortium action, the two actions should be joined, but if the latter plaintiff fails to do so, his or her suit should not be dismissed on that ground. In the event of such failure, the defendant who desires to be protected against inconsistent obligations should seek joinder of the actions. Id. at 261. The trial court should have treated the motion to dismiss as a motion to transfer and should have transferred the case to DeKalb County, where it could then be assigned to the judge before whom the personal injury case was pending; appellee could then have moved for joinder of the two cases. Uniform Transfer Rules (251 Ga. 893) (1984); Uniform Superior Court Rule 3.2 (253 Ga. at 811) (1985). The trial court erred in dismissing appellant's action. *Stapleton*, supra.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 29, 1986.

*E. Graydon Shuford*, for appellant.
*Walter B. McClelland*, for appellee.