74490. TIBBS v. STUDEBAKER'S OF SAVANNAH, INC.

(362 SE2d 377)

SOGNIER, Judge.

Carolyn Tibbs brought suit against Janice Carter and Studebaker's of Savannah, Inc. seeking damages for personal and property injuries incurred in an automobile collision between her and Carter. The trial court granted summary judgment in favor of Studebaker's of Savannah and Tibbs appeals.

The record reveals that Carter arrived at appellee's place of business between 7 and 7:30 p.m. on the night in question. Carter, who had consumed no food since the evening before, drank three or four scotch and waters as she discussed business and socialized with several fellow employees. When Carter left appellee's establishment around 10:00 p.m., she was accompanied to her car by her son, who was employed by appellee as a doorman/disc jockey. In his deposition, he testified that Carter did not seem to have been drinking at all and appeared "fine." Paul McBurney, an off-duty police officer who worked as a security officer for appellee on the night in question, stated in his affidavit that he spoke to Carter as she was leaving, that she spoke in a normal manner, walked with a normal gait, that there was no odor of alcohol on her breath and that she "displayed no signs of being intoxicated." McBurney also stated that one of his duties when working at appellee's was "to judge the condition of the customers leaving [appellee's establishment] and to make sure that any persons who appear to be intoxicated do not drive."

Carter was driving home from appellee's establishment when her car collided virtually head-on with appellant's vehicle. Carter asserts that water thrown up on her windshield by a truck in front of her, combined with the sudden hydroplaning of her vehicle on the wet

road, sent her car out of control and was the cause of the accident. Appellant stated in her deposition she observed Carter's vehicle swerve into her lane, return to the proper lane, then swerve back right into the path of her (appellant's) car, causing the collision. Betty Bacon, who stopped to render assistance at the collision scene prior to the arrival of the police, stated she spoke with Carter, that Carter's speech was slurred, that she had the odor of alcohol about her, and that Carter was "noticeably intoxicated." The police officer who arrived first on the scene and who held Carter's head while she was being extracted from her vehicle, stated that while positioned less than six inches from Carter's face he had detected no odor of alcohol on her breath and observed no behavior inconsistent with that of someone suffering great pain from injuries. He stated that no request for a blood alcohol test was made by the investigating officers and neither party was cited for the accident, but that the police attributed the accident to the hazardous condition of the road. Also in the record, however, are the affidavits and deposition of staff members and the doctor who treated Carter at the hospital, which indicate Carter had a .23 percent blood alcohol reading two hours after the accident and that Carter was treated, in order of severity, for injury to her legs and for "acute alcoholic intoxication."

Appellant contends the trial court erred by granting summary judgment in favor of appellee in that (a) a cause of action against appellee exists as a matter of law and (b) genuine issues of material fact remain as to that cause of action.

(a) "Under *Sutter* [*v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985)], one who provides alcoholic beverages to a noticeably intoxicated person, knowing that the person will soon be driving a vehicle, may be liable for a third party's injuries caused by the negligence of the intoxicated driver." *Southern Bell Tel. &c. Co. v. Altman*, 183 Ga. App. 611, 612 (359 SE2d 385) (1987). We disagree with appellee that *Sutter* is not applicable to commercial establishments serving adults. Although *Sutter* involved a social host in a private home providing alcohol to an intoxicated minor, the Supreme Court applied statutes (OCGA §§ 3-3-22 and 3-3-23) which were enacted by the Legislature to apply to commercial purveyors of alcoholic beverages, i.e., "[t]he businesses of manufacturing, distributing, selling, handling, and otherwise dealing in or possessing alcoholic beverages. . . ." OCGA § 3-3-1. *Southern Bell Tel. &c. Co.*, supra at 613. (Birdsong, Chief Judge, dissenting.) Neither the language employed nor the rationale of the decision restrict the holding in *Sutter* to social host situations involving minors. From OCGA § 3-3-22, the Supreme Court acknowledged the existence of a duty upon the provider of alcohol "to stop serving alcohol to the driver who is noticeably intoxicated (or share the intoxicated driver's liability to injured third persons)." 254 Ga. at 197 (4).

Pursuant to the language of OCGA § 51-1-6 authorizing an injured party to recover for damages suffered as a result of a breach of a duty, the Supreme Court determined a cause of action exists for the breach of the duty under OCGA § 3-3-22. Since OCGA § 3-3-22 was enacted specifically to apply to commercial establishments providing alcohol to "any person who is in a state of noticeable intoxication," we agree with appellant that the cause of action found to exist in *Sutter* is not limited to social host situations involving minors. See *Southern Bell Tel. &c. Co.*, supra.

(b) We agree with appellant that a genuine issue of material fact exists whether Carter was noticeably intoxicated at the time she left appellee's establishment. It is uncontroverted that Carter consumed alcohol at appellee's establishment and that appellee, through its agents, knew Carter would be driving a vehicle. Although there is no evidence indicating Carter was noticeably intoxicated at the time she left appellee's establishment, Carter stated in answers to interrogatories that she consumed no alcohol in the 15-minute interval between departing appellee's establishment and colliding with appellant's vehicle, and appellant introduced evidence that Carter was "noticeably intoxicated" at the scene of the accident. We find this evidence sufficient to create a reasonable inference that Carter was noticeably intoxicated at the time she departed appellee's establishment, see *Brumbelow v. Shoney's Big Boy*, 174 Ga. App. 160 (329 SE2d 319) (1985), which thus conflicted with the evidence presented by appellee. Accordingly, summary judgment was improperly granted in favor of appellee.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but not in all that is written.

Plaintiff alleges that Studebaker's was negligent in two respects, breaching two separate duties: serving alcoholic beverages to a noticeably intoxicated patron; allowing a noticeably intoxicated person to drive away from the premises. The fourth enumeration of error is: "Whether *Sutter v. Hutchings* should be extended to place a legal duty and responsibility upon Appellee to prevent the 'noticeably intoxicated' driver from driving away from its establishment, regardless of whether or not Appellee knowingly continued to serve alcoholic beverages to that 'noticeably intoxicated' person in violation of OCGA § 3-3-22."

In section (a) of the opinion, which discusses whether a legal cause of action exists, we say that a cause *does* exist against one who serves a noticeably intoxicated person. We do not mention the other asserted duty.

In section (b) of the opinion, which discusses whether there are issues of fact as to the cause of action, we say there *are*, with respect to whether the patron was noticeably intoxicated at the time she *left*. This does not address whether she was noticeably intoxicated at the time she was served the last drink, which is what we recognize as constituting the cause of action because it involves the statutory duty not to provide alcoholic beverages to one who is noticeably intoxicated and intends to drive. A person may not be noticeably intoxicated when *served* the last drink but, after its consumption and the effects of its consumption occur, become noticeably intoxicated.

OCGA § 3-3-22 imposes a duty to refrain from providing alcoholic beverages to a noticeably intoxicated person, but no statute imposes a duty to prevent a noticeably intoxicated person from driving away from the provider's place. I acknowledge that a jury could find that it arises from the circumstances, given the duties owed by a proprietor to an invitee and derivative duties owed to third persons, and in this regard also, the movant for summary judgment has not established its non-liability.

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED OCTOBER 26, 1987 — 

*Marshall R. Wood*, for appellant.
*Dana F. Braun, Shari M. Sigman, Leesa A. Bohler*, for appellee.