### 76814. JOHNSON v. YEAGER et al.
(373 SE2d 763)

SOGNIER, Judge.

Helen Johnson filed an action against Candler General Hospital and Drs. Stephen Yeager, Nicholas Costrini, and Donald Henley, seeking damages for loss of her husband's consortium. The trial court granted the defendants' motion for summary judgment based on the statute of limitations, and Johnson appeals.

The record reveals that appellant and her husband are South Carolina residents. On August 21, 1986, the same day appellant's action for loss of consortium was filed (and, we note, the same day the case was referred to appellant's Georgia counsel by attorneys in South Carolina) appellant's husband, Leroy Johnson, filed his separate action against appellees, alleging medical malpractice in surgery performed on him on August 20, 1984. Appellees filed a motion for joinder of the two cases, which was denied by the trial court. While granting appellees' motion for summary judgment as to appellant's loss of consortium action, the trial court denied appellees' motion for summary judgment based on the statute of limitations as to the husband's malpractice action, ruling that whether the statute of limitations had been tolled because of Leroy Johnson's mental condition pursuant to OCGA § 9-3-90 was a question of fact for the jury.

1. Appellant does not contend that her action was brought within the applicable time period, but argues the trial court erred by granting appellees' motion for summary judgment because her claim for loss of consortium is not an independent, separate claim but derives from that of her husband and that therefore she, as well as her husband, is entitled to the benefit of any tolling of the statute of limitations based on her husband's disability. We do not agree.

OCGA § 9-3-90 provides that "persons who are legally incompetent because of mental retardation or mental illness . . . who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." OCGA § 9-3-95 provides that "[w]here there is a joint

right of action and one or more of the persons having the right is under any of the disabilities specified in OCGA § 9-3-90, the terms of limitation shall not be computed against the joint action until all the disabilities are removed. However, if the action is severable so that each person may bring an action for his own share, those free from disability shall be barred after the running of the applicable statute of limitations, and only the rights of those under disability shall be protected."

In support of appellant's argument that she is entitled to the benefit of the tolling of the statute of limitations based on her husband's disability, appellant cites *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982) as standing for the proposition that the rights of action for personal injury and loss of consortium are "joint" within the meaning of OCGA § 9-3-95. However, appellant has misread *Stapleton*, in which the Supreme Court held that claims for personal injury and loss of consortium should be *joined*, because former Code Ann. § 81A-119 (a) (now OCGA § 9-11-19 (a)) "is clearly and directly applicable to loss of consortium cases." Id. at 260. *Stapleton* simply "clarified the statutory intent of OCGA § 9-11-19 creating the right to bring before the trial court as an additional party plaintiff or defendant a person who has a significant interest in the outcome of the pending litigation but who has a separate right to bring an additional action which could subject the presently litigating parties to yet another lawsuit with perhaps even inconsistent results." *Robinson v. Hall*, 177 Ga. App. 181, 182 (338 SE2d 699) (1985). Thus, it is apparent that the issue of whether joinder is proper under OCGA § 9-11-19 (a), as addressed in *Stapleton*, has no bearing on the question presented here of whether the right of action is joint, or whether each person possessing such a right of action *may* bring an action for his or her own share, which is the applicable test under OCGA § 9-3-95.

Although appellant asserts that *Coker v. Casey*, 178 Ga. App. 682 (344 SE2d 662) (1986) and *Benton v. Imboden*, 178 Ga. App. 841 (344 SE2d 761) (1986) buttress her arguments, we do not find these cases applicable here. In *Coker*, the claims for personal injury and loss of consortium had been joined pursuant to *Stapleton*, supra, and thus we held that a *subsequent* severance of the consortium claim would "render nugatory the holding in *Stapleton* and defeat its underlying concern for eliminating the need for the same accident case to be tried twice, with possibly different results. [Cit.]" *Coker*, supra at 684 (7). *Benton* merely applied the Uniform Transfer Rules, 251 Ga. 893, as well as the holding in *Stapleton*, supra, in deciding that the trial court should not have dismissed a husband's suit for loss of consortium when filed in a county different from that in which the wife's personal injury suit was filed. Both *Coker* and *Benton* simply illustrate *Stapleton*'s rule that "[a]lthough [OCGA § 9-11-19 (a) (c)] can

be read to require that the burden is on the plaintiff to join his or her loss of consortium spouse, such plaintiff's failure to do so is not grounds to dismiss his or her suit. Moreover, due process will not permit the loss of consortium spouse to be penalized for the personal injury spouse's failure to join him or her." *Stapleton,* supra at 261.

Georgia law has long recognized the separate nature of the right of action for loss of consortium, such as brought by appellant, and the right of action for personal injury. See, e.g., *Elwell v. Haney,* 169 Ga. App. 481 (313 SE2d 499) (1984) (error to dismiss husband's claim for loss of consortium simply because wife's personal injury claim in joint suit was barred by laches, where statute of limitations had not expired on husband's claim); *Holliday v. Lacy,* 118 Ga. App. 341 (2) (163 SE2d 750) (1968) (the fact that husband had separate claim for loss of consortium filed in the same court would have no effect on running of statute of limitations in wife's case). Since appellant had a separate right to bring her action for loss of consortium, we hold that she is not entitled to the benefit of the tolling provision in OCGA § 9-3-95 based on her husband's disability. Her action having been filed after the expiration of the applicable statute of limitations, see OCGA § 9-3-71; *Perry v. Atlanta Hosp. &c. Center,* 255 Ga. 431 (339 SE2d 264) (1986), the trial court did not err by granting appellees' motion for summary judgment.

2. We need not address appellant's second enumeration of error, in which she maintains the trial court erred by denying appellees' motion for joinder, as we have examined the record in this case and find no indication of such a motion. Apparently, according to the briefs of counsel, the motion for joinder was made and denied in the husband's personal injury suit, not in the instant case. Although appellant has attached to her brief on appeal copies of the motion for joinder and the denial thereof, " '(t)he burden of showing harmful error is on appellant, which [s]he must do by the record, not by assertions appearing only in [her] brief or in [her] enumerations of error. [Cit.]' [Cit.] 'Where there is nothing in the record to support a contention of error, nothing is presented to this court for review. [Cits.]' [Cit.]" *Sun v. Bush,* 179 Ga. App. 80, 81 (4) (345 SE2d 85) (1986).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 28, 1988

*Thomas R. Taggart,* for appellant.
*William H. Pinson, Jr., Walter W. Ballew III,* for appellees.