A91A2038. WHITE et al. v. HUBBARD.
(416 SE2d 568)

COOPER, Judge.

This appeal arises from the denial of appellants' motion for summary judgment on appellee's claim for loss of consortium. Appellee seeks to recover from appellants, the owners and operators of a bar and restaurant, her husband's medical expenses and her loss of consortium due to injuries sustained by her husband in an automobile accident after he had been drinking at appellants' bar. In their mo-

tion for summary judgment, appellants contended that because an action against them, as providers of alcoholic beverages, brought by appellee's husband would have been barred by *Sutter v. Hutchings*, 254 Ga. 194 (327 SE2d 716) (1985), appellee's claim for loss of consortium, being derivative of his claim, must also be barred. We granted appellants' application for interlocutory appeal to determine whether the trial court erred in denying the motion for summary judgment.

"Georgia law has long recognized the separate nature of the right of action for loss of consortium, such as brought by [appellee], and the right of action for personal injury. [Cits.]" *Johnson v. Yeager*, 188 Ga. App. 588, 590 (1) (373 SE2d 763) (1988). "A suit by a husband for personal injuries, and a suit by his wife for loss of consortium, are separate and distinct claims for relief. . . . [Cits.]" *Rutland v. Fuels, Inc.*, 135 Ga. App. 143 (1) (217 SE2d 167) (1975). The Georgia Supreme Court, in *Stapleton v. Palmore*, 250 Ga. 259, 261 (297 SE2d 270) (1982), held that a separate suit for loss of consortium was not barred by an earlier verdict for the defendant on the issue of liability. However, recognizing the possibility of inconsistent verdicts in separate suits, the court also determined that a defendant may compel a husband and wife to consolidate their actions for personal injury and loss of consortium into one action. Although the court did not overrule the "separate claim" cases, its ruling demonstrated a recognition of the derivative nature of loss of consortium claims to personal injury claims of injured spouses. "[W]here the injured person and the spouse combine their separate claims in one suit, . . . it has been held that the loss of consortium claim is a 'derivative' claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts as might two separate juries. [Cits.]" *Stapleton*, supra at 259. The fact that appellee's husband did not file an action for personal injury does not render appellee's claim for loss of consortium independent and not derivative. "The right of the wife is not absolute. . . . ' "One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other. . . . Since [appellants] are not liable for injuries to [appellee's husband], they are not liable to [appellee] for loss of consortium attributable to those injuries." ' [Cit.] Here, the husband has no tort claim against [appellants] because [of the holding in *Sutter*], and his wife has no claim for loss of consortium, which is derivative from his right. Her property right could only vest if his cause of action be vested, which, of course, it is not." (Indention omitted.) *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985); *Atlanta Braves, Inc. v. Leslie*, 190 Ga. App. 49 (3) (378 SE2d 133) (1989).

Appellee does not dispute the holding in *Sutter* which bars her husband's claim against appellants, but she contends that she is in the protected class of third persons injured as a result of appellants'

service of alcohol to a noticeably intoxicated person. See *Tibbs v. Studebaker's of Savannah*, 184 Ga. App. 642 (362 SE2d 377) (1987). We disagree. Appellee's status as the injured person's wife is the basis of her claims for loss of consortium and her husband's medical expenses. Her claim is derivative and can fare no better than her husband's claims. *Douberly v. Okefenokee &c. Corp.* 146 Ga. App. 568 (3) (246 SE2d 708) (1978). *Tibbs* and *Sutter* refer to innocent persons, injured as a result of an intoxicated driver's negligence and capable of maintaining an action against the driver for their injuries. Appellee is not so situated. Moreover, "to allow [appellee] to recover the various expenses which [she] incurred on [her husband's] behalf as a result of the accident would undermine and circumvent the rule, announced by the Georgia Supreme Court in *Sutter*, [supra], that a provider of alcoholic beverages cannot be held liable to a consumer of alcoholic beverages for injuries sustained as a result of such consumption." *Burch v. Uokuni Intl.*, 192 Ga. App. 861, 862 (386 SE2d 889) (1989). Based on the foregoing, we conclude the trial court erred in denying summary judgment to appellants.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Robin L. Frazer*, for appellants.

*Webb, Kicklighter & Casey, Claude M. Kicklighter, Jr.*, for appellee.