A00A1750. BROOKS v. MERIWETHER MEMORIAL HOSPITAL AUTHORITY et al.
(539 SE2d 518)

RUFFIN, Judge.

Willa Mae Brooks sued Meriwether Memorial Hospital Authority for malpractice in connection with the death of her husband. Meriwether moved for summary judgment on the grounds that the suit was filed outside the five-year statute of repose set forth in OCGA § 9-3-71 (b). The trial court granted Meriwether's motion, and Brooks appeals. For reasons discussed below, we affirm.

1. Brooks argues that OCGA § 9-3-71 (b) is unconstitutional because it arbitrarily treats medical malpractice claims differently from other tort claims. This Court generally does not have jurisdiction to rule on the constitutionality of a statute.[1] However, "[w]here a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional provisions and jurisdiction of the appeal is in the Court of Appeals."[2]

---

[14] *Meeker v. Eufaula Bank &c.*, 208 Ga. App. 702, 704 (2) (431 SE2d 475) (1993).
[1] *Helmeci v. State*, 230 Ga. App. 866, 868 (1) (498 SE2d 326) (1998).
[2] *Zepp v. Mayor &c. of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986).

In *Hamby v. Neurological Assoc.*,[3] the Supreme Court considered a challenge to the constitutionality of Code Ann. § 3-1102, the predecessor to OCGA § 9-3-71 (a), which established a two-year statute of limitation for medical malpractice actions. The Court held that "the separate classification of medical malpractice actions is a rational exercise of the legislative power."[4] Thus, the Court held that there was a rational basis for treating loss of consortium claims arising out of medical malpractice differently from other loss of consortium claims. The Court later reaffirmed this decision in *Perry v. Atlanta Hosp. &c.*[5]

In 1985, the legislature amended OCGA § 9-3-71 to, among other things, add subsection (b) setting forth the five-year statute of ultimate repose for medical malpractice actions.[6] In *Craven v. Lowndes County Hosp. Auth.*,[7] the plaintiff claimed that the statute of repose violated equal protection by arbitrarily distinguishing between different classes of medical malpractice plaintiffs. The Supreme Court rejected this argument, holding that "the purpose of the statute of repose is rational."[8]

Brooks contends that *Craven* is distinguishable because it did not address the same equal protection challenge as in this case. It is not necessary to rely on *Craven*, however, since Brooks' argument — that it is arbitrary to treat medical malpractice claims differently from other tort claims — is precisely the argument rejected by the Supreme Court in *Hamby* and *Perry*. Although those cases dealt with attacks on the two-year statute of limitation, and not the five-year statute of repose, Brooks does not contend that the classification at issue may be proper for purposes of a statute of limitation but improper for purposes of a statute of repose. Her argument is simply that there is no rational basis for treating medical malpractice claims differently from other tort claims. As the Supreme Court stated in *Hamby*, however, "the separate classification of medical malpractice actions is a rational exercise of the legislative power."[9] Accordingly, Brooks' equal protection challenge "requires merely an application of unquestioned and unambiguous constitutional provisions,"[10] and can thus be considered, and rejected, by this Court.[11]

---

[3] 243 Ga. 698 (256 SE2d 378) (1979).

[4] Id.

[5] 255 Ga. 431 (339 SE2d 264) (1986).

[6] Ga. L. 1985, p. 556, § 1.

[7] 263 Ga. 657 (437 SE2d 308) (1993).

[8] Id. at 659 (1).

[9] *Hamby*, supra.

[10] *Zepp*, supra.

[11] See *Thompson v. Long*, 225 Ga. App. 719-720 (1) (484 SE2d 666) (1997) (physical precedent only) (holding that OCGA § 9-3-71 (b) does not arbitrarily distinguish between medical malpractice and other tort claimants).

2. Brooks also contends that OCGA § 9-3-71 (b) deprives her of the right to due process of law. Other than quoting the due process clause of the Georgia Constitution ("No person shall be deprived of life, liberty, or property except by due process of law"),[12] however, she provides no citation to any authority to show that the statute denies her the right to due process, either on its face or as applied. Nor does she provide any real argument in support of her contention, except to repeatedly assert that she is being denied due process of law. Although she mentions certain facts which suggest she is contending that the statute is unconstitutional only as applied to her case, she provides no citations to the record to support such factual assertions, nor does she provide any legal argument as to how such facts show a denial of due process. We do not believe that this constitutes the type of argument necessary to preserve an enumeration for appellate review.[13]

3. Brooks argues that OCGA § 9-3-71 (b) violates Art. III, Sec. VI, Pars. IV and VI of the Georgia Constitution. However, she did not raise this issue in the trial court and is thus precluded from raising it on appeal.[14]

4. Finally, Brooks argues that the statute of repose should not apply to the facts of her case. She claims that she had previously filed a medical malpractice action within the limitation period, but that she was "forced" to dismiss it and refile at a later date because a witness became ill. Because the dismissal was "not within the control of [Brooks]," she asserts that "[p]ublic [p]olicy dictates that . . . an exception . . . be made to the statute of repose." Brooks does not, however, provide any record citations to support her factual assertions, nor does she provide any citation to authority or legal argument. Even if we were to accept her factual assertions, nothing in the statute suggests that it does not apply when a plaintiff dismisses and refiles outside the statutory period due to the illness of a witness. Accordingly, this enumeration is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 14, 2000.

*F. Robert Raley*, for appellant.

---

[12] Ga. Const., Art. I, Sec. II, Par. I.

[13] See *Clark v. Stafford*, 239 Ga. App. 69, 74 (4) (522 SE2d 6) (1999).

[14] See *White v. KFC Nat. Mgmt. Co.*, 229 Ga. App. 73, 74 (1) (493 SE2d 244) (1997); *Dupre v. Scappaticcio*, 244 Ga. 179 (259 SE2d 440) (1979).

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Robert G. Tanner*, for appellees.