**THIRD DIVISION**
**DOYLE, P. J.,**
**PIPKIN, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**December 28, 2023**

# In the Court of Appeals of Georgia

A23A1465. PRIESTER v. TURNER et al.

FULLER, Senior Judge.

The trial court granted summary judgment to the defendants on Shelly Priester's claim for loss of consortium, ruling that the prior dismissal with prejudice of her husband's underlying personal injury action barred her separate lawsuit. Priester appeals. Because the Supreme Court's decision in *Stapleton v. Palmore*, 250 Ga. 259, 259 (297 SE2d 270) (1982), requires a different result, we reverse.

The relevant facts, which are not disputed, show that Priester's husband, Mark Priester, was involved in a vehicle accident with Charles Turner. Mark sued Turner to recover for his injuries and also served State Farm Mutual Automobile Insurance Company as his underinsured motorist carrier. Mark voluntarily dismissed that complaint without prejudice, but later filed a renewal action against Turner and again

served State Farm. The trial court dismissed the renewal action with prejudice, ruling that Mark had failed to serve Turner and had not responded to State Farm's discovery requests. Mark did not appeal that ruling.

Two years after the dismissal of Mark's renewal action, Priester filed this lawsuit against Turner, asserting a claim for loss of her husband's consortium as a result of the accident, as well as claims for punitive damages and attorney fees. Priester apparently served State Farm, which filed an answer. Turner and State Farm moved for summary judgment, arguing that because Mark's personal injury claim was "barred as a matter of law," Priester's derivative loss of consortium claim also was barred. The trial court granted the defendants' motions, and Priester appeals, arguing that the trial court erred because the outcome of Mark's claim has no effect on her consortium claim.

The trial court relied primarily on *Holloway v. Northside Hosp.*, 230 Ga. App. 371 (496 SE2d 510) (1998), in which a husband and wife filed a single complaint against the hospital, with the wife asserting personal injury claims based on a fall she sustained as a patient there, and the husband asserting a loss of consortium claim. We affirmed the trial court's dismissal of the wife's claim for failure to attach an expert affidavit as

required by OCGA § 9-11-9.1. Id. We also held that the trial court properly dismissed the husband's claim because

> [his] action is a derivative one, stemming from the right of the other spouse to recover for her injuries. When the other spouse cannot recover from the alleged tortfeasor as a matter of law, . . . the alleged tortfeasor also is not liable for loss of consortium arising from those injuries. Here, [the wife] cannot recover because of her failure to attach a professional negligence affidavit, and thus [the husband] has no claim for the loss of consortium.

Id. at 371. We have applied this same reasoning in many other cases, holding that when both spouses sue an alleged tortfeasor in a single action, a judgment against the injured spouse necessarily precludes recovery on the other spouse's loss of consortium claim. See, e.g., *Sheaffer v. Marriott Intl.*, 349 Ga. App. 338, 342 (2) (826 SE2d 185) (2019); *Behforouz v. Vakil*, 281 Ga. App. 603, 604 (636 SE2d 674) (2006). The reason for this rule is to avoid inconsistent judgments in the same case. See *Stapleton*, 250 Ga. at 259 ("where the injured person and the spouse combine their separate claims in one suit, . . . the loss of consortium claim is a 'derivative' claim and where one jury has heard the same evidence on the same issue it cannot render inconsistent verdicts as might

3

two separate juries"); *Treglown v. K-Mart Corp.*, 245 Ga. App. 428, 431 (537 SE2d 173) (2000) (similar).

But a different analysis applies where, as here, the other spouse brings a *separate* action for loss of consortium:

> The rule is well established that when the personal injury and loss of consortium claims of the spouses are tried separately and the alleged tortfeasor prevails on the merits at the first trial, the other claim may be maintained later because it is a "separate" and "distinct" claim of another person who was not a party or privy to the previous proceedings and who, therefore, is not bound by the judgment therein.

*Stapleton*, 250 Ga. at 260. See also *Winkles v. Thomas*, 164 Ga. App. 715, 715 (298 SE2d 260) (1982) (following *Stapleton*).[1] Thus, although a loss of consortium claim is dependent upon the injured spouse having a right of action for personal injury, it is nonetheless an independent claim that is "personal to the consortium claimant." *Hicks v. Universal Health Svcs.*, 364 Ga. App. 769, 776 (1), n. 35 (874 SE2d 877) (2022). See

---

[1] Similarly, the fact that the injured spouse's claim may be time-barred does not affect the viability of a loss of consortium action, which has a longer limitation period. See, e.g., *Brent v. Hin*, 254 Ga. App. 77, 79 (2) (561 SE2d 212) (2002) ("Because it appears that [the injured spouse] could have recovered absent the statute of limitations bar, [the other spouse] can recover for loss of consortium."). See also OCGA § 9-3-33 (establishing a limitation period of two years for personal injury claims, but four years for loss of consortium claims).

also *Walden v. Coleman*, 105 Ga. App. 242, 243 (124 SE2d 313) (1962) (Georgia law recognizes a spouse's "independent cause of action for the loss of consortium of [the other spouse] due to a tortious injury inflicted upon him [or her.]"). Because Priester's separately-filed lawsuit asserts an independent cause of action personal to her, the dismissal of Mark's renewal complaint does not bar her subsequent complaint. The trial court erred in ruling otherwise.

The defendants cite *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985), and *White v. Hubbard*, 203 Ga. App. 255 (416 SE2d 568) (1992) — two loss of consortium cases brought by wives whose husbands never had any viable personal injury causes of action themselves. In *Henderson*, the wife sued her husband's employer after he was injured on the job; his own claim was preempted by the Worker's Compensation Act. See 253 Ga. at 685. In *White*, the wife sued a bar where her husband drank alcohol before being hurt in a wreck; he had no right of action due to controlling precedent prohibiting a consumer from suing a provider of alcoholic beverages for injuries resulting from his own consumption. See 203 Ga. App. at 255-256.[2] In each case, the wife's loss of consortium action failed because her husband

---

[2] See *Sutter v. Hutchings*, 254 Ga. 194, 199 (2) (327 SE2d 716) (1985) (social hostess who gave alcohol to a noticeably intoxicated guest, knowing he would soon be

"ha[d] no tort claim" and "[her] property right could only vest if his cause of action be vested, which . . . it is not." *White*, 203 Ga. App. at 256 (quoting *Hercules*). In other words, a complaint filed by either husband would have been subject to a motion to dismiss for failure to state a claim. Thus, there was never any underlying personal injury cause of action on which to base a loss of consortium claim. In this case, by contrast, Mark's personal injury renewal action was dismissed not because he never had a viable cause of action, but for lack of service and discovery noncompliance. In light of the Supreme Court's ruling in *Stapleton*, 250 Ga. at 260, the result in Mark's case does not foreclose Priester's independent, subsequent action.

*Judgment reversed. Doyle, P. J., and Pipkin, J., concur.*

---

driving, was not liable for injuries he incurred due to his own negligence), superseded in part by statute as recognized by *Riley v. H & H Operations*, 263 Ga. 652 (436 SE2d 650) (1993).