# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Nathan N. Jardine, Respondent.

Appellate Case No. 2014-001621

Opinion No. 27459
Submitted October 14, 2014 – Filed October 29, 2014

## DISCIPLINE IMPOSED

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Nathan N. Jardine, of Farmington, Utah, pro se.

**PER CURIAM:** Respondent is licensed to practice law in Utah and California;[1] he is not licensed to practice law in South Carolina. On November 1, 2013, the Office of Disciplinary Counsel (ODC) filed Formal Charges against respondent alleging he offered to provide legal services in South Carolina and directly solicited a resident of this state in violation of Rule 7, Rules of Professional Conduct, Rule 407, SCACR, and Rule 418, SCACR. Respondent did not answer the Formal Charges, was found to be in default, and was therefore deemed to have

---

[1] At the time the Formal Charges were filed, the Supreme Court of Utah had suspended respondent from the practice for eighteen (18) months. Utah State Bar v. Jardine, 289 P.3d 516 (2012). According to the Utah State Bar's website, respondent remains suspended from the practice of law in Utah.

On May 23, 2014, the Supreme Court of California accepted the California State Bar's recommendation to impose reciprocal discipline. Respondent is not eligible to practice law in California.

admitted the factual allegations made in this charges.[2]  See Rule 24(a), RLDE, Rule 413, SCACR.  Following an evidentiary hearing in which respondent did not appear, the Hearing Panel issued a Panel Report recommending the Court bar respondent from seeking any form of admission in South Carolina for five (5) years, along with other sanctions.  Neither ODC nor respondent filed exceptions to the Panel Report.  The matter is now before the Court for consideration.

## FACTS

## Matter I

In January 2013, respondent associated with Fulcrum 360, a loan modification company, for the purpose of soliciting clients in loan modification cases under the name J Nolan Legal.[3]  Fulcrum 360 was owned and operated by non-lawyers. Fulcrum 360 prepared and distributed marketing materials for J Nolan Legal on behalf of respondent.  The materials included a direct mail solicitation and a website.  Fulcrum 360 represented to respondent that an attorney had reviewed the marketing materials for ethical compliance and that it had developed a referral network consisting of attorneys in each state to refer clients for foreclosure representation if necessary.  In fact, neither respondent nor Fulcrum 360 had a referral relationship or association with an attorney licensed to practice law in South Carolina.

In or around February 2013, a South Carolina resident received a direct mail solicitation from respondent addressed to her at her home in Eastover, South Carolina.  The solicitation stated it was issued after the prospective client made known to respondent a desire not to be solicited by virtue of her failure to respond to prior attempts to contact her.  The direct mail solicitation contained material misrepresentations and omissions of facts necessary to make certain statements considered as a whole not materially misleading.  Specifically, the solicitation did not disclose the name under which respondent was licensed to practice law,

---

[2] When respondent failed to file an answer to the Formal Charges, ODC filed a Motion for Default.  Respondent filed a return to the motion.  By order dated March 7, 2014, the Hearing Panel denied the Motion for Default and directed respondent to file an answer to the Formal Charges no later than April 10, 2014. Respondent did not file an answer and, subsequently, by order dated May 2, 2014, the Hearing Panel held respondent in default.

[3] Nolan is respondent's middle name.

contained the trade name J Nolan Legal which made it difficult for the prospective client to identify respondent, and did not specify that respondent is not licensed to practice law in South Carolina or otherwise indicate the jurisdictional limitations on his ability to practice law in this state. The direct mail solicitation: 1) listed a "virtual office" in California which respondent only used for the purpose of receiving mail while he actually worked from an office in Utah and 2) failed to include the various disclaimers required by Rule 7.3(d)(1), (2) and (3), Rule 407, SCACR. Further, respondent sent the solicitation in the form of a folded postcard that revealed the nature of the prospective client's legal problem on the outside and he failed to maintain a record of dissemination of his solicitations to South Carolina residents.

## Matter II

Although respondent filed an initial response to the notice of investigation issued by ODC, the response failed to address the allegations with specificity and was not verified as required by Rule 19(b) RLDE. ODC sent a second request for specific responses to the allegations and verification. In response, respondent submitted a response which, again, did not specifically address the allegations or contain his verification. As a result, ODC issued a notice to appear and subpoena pursuant to Rules 15(b)(1) and 19(c)(3), RLDE. Respondent appeared and answered questions under oath. At the conclusion of the interview, respondent was instructed to provide certain documents in support of his testimony. Subsequent to the interview, respondent failed to communicate with ODC regarding the disciplinary investigation.

Respondent made false statements during the disciplinary investigation. In particular, respondent stated in his response to the initial notice of investigation, "I have a lawyer licensed to practice law in South Carolina as part of my network. This lawyer was responsible for all legal work for South Carolina residents and lives in South Carolina." At the interview, respondent admitted he did not have an attorney licensed or living in South Carolina in his network and that a representative of Fulcrum 360 prepared his response and he signed it.

In addition, respondent stated in his response to the initial notice of investigation that he had three residents of South Carolina enrolled in his loan modification program and that he intended to inform them that he was withdrawing from working with South Carolina residents. At the interview, respondent stated he was mistaken and did not represent any South Carolina residents.

The Hearing Panel found respondent's conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 7.1(a) (lawyer shall not make false, misleading, or deceptive communications about lawyer or lawyer's services; communication violates this rule if it contains material misrepresentation of fact or law, or omits fact necessary to make statement considered as a whole not materially misleading); Rule 7.2(b) (lawyer is responsible for content of any advertisement or solicitation placed or disseminated by lawyer and has duty to review advertisement or solicitation prior to dissemination to reasonably ensure compliance with the Rules of Professional Conduct; lawyer shall keep copy of every advertisement or communication for two (2) years after its last dissemination along with record of when and where it was disseminated); Rule 7.2(d) (any communication made pursuant to this rule shall include name and office address of at least one lawyer responsible for content); Rule 7.2(h) (all advertisements shall disclose the geographic location, by city or town, of office in which lawyer or lawyers who will actually perform services advertised principally practice law); Rule 7.3(b)(1) (lawyer shall not solicit professional employment from prospective client by direct written communication if prospective client has made known to lawyer desire not to be solicited by lawyer); Rule 7.3(c) (lawyer who uses written solicitation shall maintain file for two years showing basis by which lawyer knows person solicited needs legal services and factual basis for any statements made in written communication); Rule 7.3(d)(1) (every written communication from lawyer soliciting professional employment from prospective client known to be in need of legal services in particular matter must contain words "ADVERTISING MATERIAL" printed in capital letters and in prominent type on front of outside envelope and on front of each page of material); Rule 7.3(d) (2) (every written communication from lawyer soliciting professional employment from prospective client known to be in need of legal services in particular matter must contain following statements: "You may wish to consult your lawyer or another lawyer instead of me (us). You may obtain information about other lawyers by consulting directories, seeking the advice of others, or calling the South Carolina Bar Lawyer Referral Service at 799-7100 in Columbia or toll free at 1-800-868-2284. If you have already engaged a lawyer in connection with the legal matter referred to in this communication, you should direct any questions you have to that lawyer" and "The exact nature of your legal situation will depend on many facts not known to me (us) at this time. You should understand that the advice and information in this communication is general and that your own situation may vary;" when solicitation is written, statements must be in type no smaller than that used in body of the communication); Rule 7.3(d)(3) (every written communication from lawyer soliciting professional employment from prospective client known to be in need of legal services in particular matter must contain following statement: "ANY

COMPLAINTS ABOUT THIS COMMUNICATION OR THE REPRESENTATIONS OF ANY LAWYER MAY BE DIRECTED TO THE COMMISSION ON LAWYER CONDUCT, 1015 SUMTER STREET, SUITE 305, COLUMBIA, SOUTH CAROLINA 29201 – TELEPHONE NUMBER 803-734-2037;" where solicitation is written, statement must be printed in capital letters and in size no smaller than that used in body of communication); Rule 7.3(h) (written communication seeking employment by specific prospective client in specific matter shall not reveal on envelope, or on outside of a self mailing brochure or pamphlet, nature of the client's legal problem); and Rule 8.1(b) (in connection with disciplinary matter, lawyer shall not fail to disclose fact necessary to correct misapprehension known by person to have arisen in matter, or knowingly fail to respond to a lawful demand for information from disciplinary authority).[4]

The Hearing Panel further found respondent is subject to discipline pursuant to the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully violate valid order of Commission or hearing panel, willfully fail to appear personally as directed, or knowingly fail to respond to lawful demand from disciplinary authority to include request for response or appearance); and Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute  administration of justice or to bring courts or the legal profession into disrepute).

The Commission and this Court have jurisdiction over all allegations that a lawyer has committed misconduct. The term "lawyer" includes "a lawyer not admitted in this jurisdiction if the lawyer …offers to provide any legal services in this jurisdiction [and] anyone whose advertisement or solicitations are subject to Rule 418, SCACR." Rule 2(q), RLDE. Further, Rule 418, SCACR, titled "Advertising and Solicitation by Unlicensed Lawyers," defines "unlicensed lawyer" as an individual "admitted to practice law in another jurisdiction but…not…in South Carolina." Rule 418(a). The rule also provides for jurisdiction over allegations of

---

[4] The Rules of Professional Conduct, Rule 407, SCACR, are applicable as respondent's solicitation specifically targeted a prospective client in South Carolina. See Rule 418(b), SCACR (any solicitation by unlicensed lawyer shall comply with Rule 7.1 through 7.5 of RPC when solicitation is targeted to potential client in this state).

misconduct by unlicensed lawyers, procedures for determining charges of misconduct, and for sanctions. Rule 418(c) and (d). Accordingly, even though he is not admitted to practice law in South Carolina, respondent is subject to discipline in this state.

As noted above, since respondent failed to answer the Formal Charges, he is deemed to have admitted the allegations in the charges. See Rule 24(a), RLDE. Further, since he failed to appear for the Panel Hearing, respondent is deemed to have admitted the factual allegations and to have conceded the merits of any recommendations considered at the Panel Hearing. See Rule 24(b), RLDE. Finally, since respondent did not file a brief taking exception to the Hearing Panel's report, he has accepted the findings of fact, conclusions of law, and the Hearing Panel's recommendations. See Rule 27(a), RLDE.

The authority to discipline lawyers and the manner in which the discipline is imposed is a matter within the Court's discretion. In the Matter of Berger, 408 S.C. 313, 759 S.E.2d 716 (2014); In the Matter of Van Son, 403 S.C. 170, 742 S.E.2d 660 (2013). When the lawyer is in default, the sole question before the Court is the determination of the appropriate sanction. Id.

We find debarment with other sanctions appropriate. The misconduct in this matter is similar to that in In the Matter of Van Son, id., where a lawyer who was not admitted in this state sent solicitation letters to South Carolina residents and, thereafter, failed to cooperate with ODC's investigation. In addition to other sanctions, the Court barred the lawyer from admission in this state and from advertising or soliciting clients in South Carolina for a period of five years.

In determining the appropriate sanction, the Court has not only considered respondent's written communication directly soliciting a resident of South Carolina in violation of the requirements of Rule 7, RPC, but also his false statements of material fact to ODC, his failure to participate in the disciplinary investigation after his interview, and his failure to appear for the hearing. In the Matter of Hall, 333 S.C. 247, 251, 509 S.E.2d 266, 268 (1998) ("An attorney's failure to answer charges or appear to defend or explain alleged misconduct indicates an obvious disinterest in the practice of law. Such an attorney is likely to face the most severe sanctions because a central purpose of the disciplinary process is to protect the public from unscrupulous or indifferent lawyers."). Finally, the Court has considered respondent's disciplinary history in imposing debarment and other

sanctions.[5]  <u>In the Matter of Jacobsen</u>, 386 S.C. 598, 690 S.E.2d 560 (2010) (recognizing disciplinary history is appropriate consideration in imposing sanction).

We find it appropriate to permanently debar respondent from seeking any form of admission to practice law in this state (including pro hac vice admission) without first obtaining an order from this Court allowing him to seek admission.  Further, we prohibit respondent from advertising or soliciting business in South Carolina without first obtaining an order from this Court allowing him to advertise or solicit business in this state.  Before seeking an order from this Court to either allow him to seek admission or to advertise or solicit, respondent shall complete the South Carolina Bar's Legal Ethics and Practice Program Ethics School, Law Office Management School, and Advertising School.  Respondent shall pay the costs of the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this order.

**DEBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[5] <u>See</u> Footnote 1.