# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Daniel A. Beck, Respondent.

Appellate Case No. 2014-001912

Opinion No. 27529
Heard February 18, 2015 – Filed June 10, 2015

## DISBARRED

Lesley M. Coggiola, Disciplinary Counsel, and Barbara Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James K. Holmes, of The Steinberg Law Firm, LLP, of Charleston, for Respondent.

**PER CURIAM:** Respondent self-reported misuse of his trust account. He and the Office of Disciplinary Counsel (ODC) stipulated the facts, and at the Panel Hearing the sole issue was the appropriate sanction. The Panel found that mitigating factors outweighed aggravating factors, and recommended Respondent be suspended for three years, retroactive to the date he was indefinitely suspended,[1] and that several other conditions be imposed.[2] ODC has taken exception to the three-year suspension recommendation, and contends that disbarment, retroactive to September 2, 2011, is the appropriate sanction. We agree with ODC, and disbar

---

[1] *In re Beck*, 394 S.C. 208, 715 S.E.2d 336 (2011).

[2] Those conditions are that Respondent pay the costs of the proceeding ($1,450.07); that within six months of reinstatement he attend both the Legal Ethics and Procedure Program Ethics School and Trust Account School; and that for the two years following reinstatement, he provide the Commission on Lawyer Conduct with quarterly reconciliations of his Trust Account.

Respondent retroactive to September 2, 2011. Further, we impose the additional conditions recommended by the Panel.

## FACTS

1. Respondent operated a law firm as the principal shareholder for twenty-four years, primarily handling plaintiff's personal injury cases on a contingency basis. For a period of approximately eleven years, Respondent used funds from his trust account for purposes for which those funds were not intended, including funding other clients' litigation, cash advances to clients, office operating expenses, payroll, and personal expenses.

2. Respondent instructed his nonlawyer staff with signatory authority on his trust account to issue checks from that account for purposes for which those funds were not intended.

3. Respondent failed to properly reconcile his trust account or otherwise maintain records required by Rule 417, SCACR. As a result of inadequate accounting practices, Respondent made numerous mistakes in client transactions resulting in overpayments of attorney's fees to the firm, overpayments to clients, and bank fees that were not covered by firm funds.

4. Periodically, Respondent attempted to restore misappropriated funds by leaving earned fees in his trust account, but no regular accounting of those credits was maintained.

5. As of August 31, 2011, Respondent had approximately $565,806.86 in negative client ledger balances. At the time of his interim suspension, the balance in Respondent's trust account was $439,042.30.

6. As of the date of these stipulations, the attorney appointed to protect Respondent's interests has restored the trust

account with funds received on behalf of Respondent in the form of earned fees and cost reimbursements and has reimbursed from those funds all clients, medical providers, and lien holders with claims that have been identified to date.[3]

7. Respondent's conduct violated Rules 1.8(e), 1.15, 5.3, 8.4(d) of the Rules of Professional Conduct (RPC), Rule 407, SCACR.

8. The foregoing constitutes grounds for discipline pursuant to Rule 7(a)(1), (5) and (6) of the Rules for Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR.

The Panel found these aggravating factors:

(1) The serious nature of Respondent's misconduct, with more than half a million dollars of client funds having been converted by Respondent at the time of his suspension;

(2) Respondent's pattern of misconduct, having misappropriated client funds over eleven years;

(3) The number of disciplinary rules violated:

(a) Rules 1.15 and 8.4(d), RPC, Rule 407 (misappropriation);

(b) Rule 1.8, RPC, Rule 407 (improper financial assistance to clients);

(c) Rule 5.3(c)(1), RPC, Rule 407 (instructing legal assistants to write checks to remove trust account funds for improper purposes); and

---

[3] At the Panel Hearing there was testimony was that some funds remain undistributed as there are unresolved medical liens, and that one claim has been "referred back to the [Lawyers Fund for Client Protection]."

(d) Rule 417, SCACR (failure to maintain trust account records); and

(4) Respondent's prior disciplinary history, a 2009 Letter of Caution finding he violated Rule 1.8(e), RPC, Rule 407, which prohibits lawyers from providing financial assistance to clients. Respondent admits to continuing to violate this rule after receiving the Letter of Caution.

The Panel found the following matters mitigated Respondent's conduct:

(1) Respondent is sincerely remorseful and regretful, and accepted full responsibility with honesty and candor;

(2) Respondent self-reported his misconduct, and fully cooperated during the disciplinary proceedings; and

(3) Respondent's conduct following his interim suspension in hiring an accountant to assist in identifying clients whose funds had been misappropriated, thus allowing the attorney to protect to distribute incoming funds to clients and medical providers.[4]

While the Panel recognized "disbarment would seem to be the most appropriate sanction," it recommended a three-year retroactive suspension based in part on the mitigating factors, and in part on its belief that a lesser sanction will provide an incentive for lawyers to self-report.

## SANCTION

The authority to discipline lawyers and the manner in which discipline is imposed is a matter within the Court's discretion. *In re Jardine*, 410 S.C. 369, 764 S.E.2d 924 (2014). Like the Panel, we are moved by the depth and sincerity of Respondent's remorse and impressed by the level of cooperation he has demonstrated since self-reporting his misconduct. We cannot, however, ignore that in addition to violating Rules 1.8 and 5.3(C)(1), RPC, Rule 407, SCACR, and Rule 417, SCACR, Respondent took money that was not his from his trust account

---

[4] *But see* Fn. 3, *supra*.

over the course of eleven years.  We find disbarment is the appropriate sanction, but order that it be retroactive to the date of Respondent's interim suspension, September 2, 2011.  We also order that within 30 days of the date of this opinion Respondent pay the costs of this proceeding ($1,450.07), and comply with the requirements of Rule 30, Rule 413, RLDE, SCACR.  Further, we order that within six months of reinstatement Respondent attend both the Legal Ethics and Procedure Program Ethics School and the Trust Account School, and that for two years after reinstatement, he provide the Commission on Lawyer Conduct with quarterly reconciliations of his Trust Account.

**DISBARRED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**